NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-7006

CATHY L. TOOLE,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Cathy L. Toole, of Biloxi, Mississippi, pro se.

William P. Rayel, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Christa A. Shriber, Staff Attorney, United States Department of Veterans Affairs, Office of the General Counsel, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-7006

CATHY L. TOOLE,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 07-2675, Chief Judge William P. Greene, Jr.

_____

DECIDED: February 3, 2010

_____

Before NEWMAN, MAYER and PROST, <u>Circuit Judges.</u>

PER CURIAM.

Cathy L. Toole, widow of veteran James L. Toole, appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), which affirmed a decision of the Board of Veterans' Appeals ("Board") denying Mrs. Toole's claim for service connection for the cause of her husband's death, dependency and indemnity

compensation, and Dependent's Educational Assistance benefits. <u>Toole v. Shinseki</u>, No. 07-2675, 2009 WL 2612426 (Vet. App. Aug. 27, 2009). On review of the issues and arguments presented by Mrs. Toole, we conclude that the appeal is based solely on factual determinations, the review of which is not within this court's jurisdiction. The appeal is <u>dismissed</u>.

## DISCUSSION

Mrs. Toole's husband served on active duty in the United States Army from February 11 to June 21, 1954, and on active duty for fifteen days of training in 1958. During service, he was struck over the left ear with a rifle in basic training, and treated for right ear discharge. Mr. Toole died on December 6, 1997. His death certificate lists cardiac arrest as the immediate cause of death, as a consequence of cardiomyopathy and myocardial infarction. His death certificate also lists diabetes mellitus and chronic obstructive pulmonary disease (COPD) as other conditions contributing to his death. No autopsy was performed. Mr. Toole was not service connected for any condition when he died. The most recent rating decision of the VA was in 1980, finding him permanently and totally disabled as a result of non-service-connected disabilities, and granting a pension. App. to Resp. Br. 31.

Mrs. Toole filed her claims with the VA regional office ("RO") in January 1998. The RO denied her claims on the basis that the evidence did not demonstrate that Mr. Toole's death was related to his service. On appeal, the Board denied her claims. Mrs. Toole appealed to the Veterans Court, which vacated the Board's decision and remanded so that the Board could consider the impact of the Veterans Claims Assistance Act of 2000. In May 2002 the Board again denied Mrs. Toole's claims, but the decision was vacated by the

Veterans Court pursuant to a joint motion for remand. In July 2003 Mrs. Toole was informed by the Department of the Army that her husband's service medical records (SMRs) were destroyed in a fire, but that Mr. Toole's file had been reconstructed as much as possible.

In April 2005 Mrs. Toole, her daughter, and her brother-in-law testified at a hearing before a Veterans Law Judge. In August 2005, the Board remanded the claim for the RO to obtain an etiology opinion regarding the left-ear injury noted in Mr. Toole's reconstructed SMRs. After reviewing Mr. Toole's SMRs and post-service medical records, a VA medical examiner opined in April 2006 that Mr. Toole's diabetes, COPD, heart disease, cerebrovascular accident (stroke), seizure disorder, and the cause of his death were not related to his service, including the incident in service during which he was struck over his left ear. In February 2007 the RO issued a Supplemental Statement of the Case denying Mrs. Toole's claims, finding that there was no connection between the cause of her husband's death and his service. On appeal, the Board found that the evidence did not show that Mr. Toole's death was related to a disease or injury incurred in service, and denied Mrs. Toole's claims. Mrs. Toole appealed to the Veterans Court.

In the Veterans Court, Mrs. Toole argued that the Board failed to ensure that the VA assist her, as required by 38 U.S.C. §5103A, in obtaining all of her husband's service records. The Veterans Court evaluated the correspondence with the National Records and Archives Administration and the National Personnel Records Center concerning the fire and the status of Mr. Toole's file. The Veterans Court concluded that the Board's determination that the VA had fulfilled its duty to assist Mrs. Toole was not clearly erroneous.

The Veterans Court also evaluated Mrs. Toole's claim that her husband's death was service connected. Based on the April 2006 VA medical opinion, the Veterans Court concluded that the Board's factual determination that Mr. Toole's death was not related to his service, including his in-service injury, was not clearly erroneous. The Veterans Court further considered Mrs. Toole's argument that the Board failed to provide adequate reasons or bases for its decision because it did not mention her husband's fifteen days of training in 1958. The Veterans Court determined that any error by the Board in not mentioning the fifteen training days was harmless, as the VA examination report properly noted Mr. Toole's service and there was no evidence that Mr. Toole had been injured during the 1958 training. The Veterans Court also rejected Mrs. Toole's argument that the benefit of the doubt rule should have been applied, noting that the evidence was not in approximate balance. Finally, the Veterans Court rejected as unfounded Mrs. Toole's claim that the Veterans Court or the VA Secretary had been embezzling money from her.

In this appeal, Mrs. Toole claims that her statutory and constitutional rights were violated by the Veterans Court, and she mentions 42 U.S.C. §1983. She states that she has proof that her husband's death was service connected, and expresses doubt about the destruction of his service records in a fire. She argues that the true cause of her husband's death remains unknown because an autopsy was not performed. She requests production of Mr. Toole's missing records and payment of money that she states is owed her.

Our jurisdiction to review decisions of the Veterans Court is limited by statute. We have no authority to review a challenge to a factual determination or a challenge to the application of law to particular facts. 38 U.S.C. §7292(d)(2) (2006). While constitutional issues are within the court's jurisdiction, id., "the mere recitation of a basis for jurisdiction by

either party or a court, is not controlling; we must look to the true nature of the action," Livingston v. Derwinski, 959 F.2d 224 (Fed. Cir. 1992) (dismissing appeal for lack of jurisdiction). The issues presented here are all within the proscribed categories or are unsupported recitations of bases for jurisdiction.

Mrs. Toole's claims concerning service connection, military service, and Mr. Toole's destroyed records all relate to questions of fact. No questions of statutory interpretation or constitutional application, or of §1983, arise on this appeal. The appeal must be dismissed.

No costs.