NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CATHY L. TOOLE,**
*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-2316

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-4219, Senior Judge Kenneth B. Kramer.

---

Decided: December 13, 2017

---

CATHY L. TOOLE, Biloxi, MS, pro se.

JANA MOSES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE; BRIAN D. GRIFFIN, AMANDA BLACKMON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before MOORE, O'MALLEY, and WALLACH, *Circuit Judges.*

PER CURIAM.

Appellant Cathy L. Toole appeals an order from the U.S. Court of Appeals for Veterans Claims ("Veterans Court"), dismissing her appeal for lack of jurisdiction. *See Toole v. Shulkin*, No. 15-4219, 2017 WL 2569869, at *1 (Vet. App. June 14, 2017). The Veterans Court found it lacked jurisdiction because "Mrs. Toole raises no arguments or assertions of error in the Board [of Veterans' Appeals ('Board')] decision on appeal." *Id.* We affirm.

## DISCUSSION

With respect to appeals from the Veterans Court, we "have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . , and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c) (2012); *see Goodman v. Shulkin*, 870 F.3d 1383, 1385 (Fed. Cir. 2017). We review the Veterans Court's determination of its own jurisdiction de novo. *Maggitt v. West*, 202 F.3d 1370, 1374 (Fed. Cir. 2000). By statute, the Veterans Court's "[r]eview . . . shall be on the record of proceedings before the Secretary [of Veterans Affairs] and the Board." 38 U.S.C. § 7252(b).

The Veterans Court properly dismissed Mrs. Toole's appeal for lack of jurisdiction. In 2015, the Board issued an opinion denying Mrs. Toole's claim for accrued benefits relating to her late husband's military service pursuant to 38 U.S.C. § 1110. Appellee's App. 30–31. Mrs. Toole appealed that decision to the Veterans Court; however, her appeal only raised claims for dependency and indemnity compensation pursuant to 38 U.S.C. § 1318 and dependents' educational assistance pursuant to 38 U.S.C. § 3510.

*See* Appellant's Informal Br. at 1, *Toole v. Shulkin*, No. 15-4219 (Vet. App. Sept. 1, 2016); *see also* Appellee's App. 9–23 (providing Mrs. Toole's reply brief below). These two claims raised before the Veterans Court were the subject of a separate 2007 Board decision not presently under review. *See Toole v. Shinseki*, 364 F. App'x 627, 628 (Fed. Cir. 2010) (dismissing appeal from the 2007 Board decision for lack of jurisdiction). "[W]e must look to the true nature of the action" to determine jurisdiction. *Livingston v. Derwinski*, 959 F.2d 224, 225 (Fed. Cir. 1992) (citation omitted). The Veterans Court only had jurisdiction to review issues pertaining to the 2015 Board decision on appeal rather than the 2007 Board decision. *See* 38 U.S.C. § 7252(b); *see also Ledford v. West*, 136 F.3d 776, 779 (Fed. Cir. 1998) ("[T]he [Veterans C]ourt's jurisdiction is premised on and defined by the Board's decision concerning the matter being appealed."). Therefore, the Veterans Court correctly determined that it lacked jurisdiction over Mrs. Toole's claims challenging the 2007 Board decision.

Mrs. Toole's other arguments lack merit. To the extent Mrs. Toole includes arguments that reference constitutional provisions, *see* Appellant's Informal Br. 1; Appellant's Suppl. Br. 1–2, we conclude these challenges are "constitutional in name only," such that Mrs. Toole's "characterization . . . does not confer upon us jurisdiction that we otherwise lack," *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999). Additionally, we lack jurisdiction over Mrs. Toole's remaining claims, such as her request for damages. *See, e.g.*, Appellant's Informal Br. 2; *see also Livingston*, 959 F.2d at 226 ("In the absence of a challenge to the validity of a statute or a regulation, or the interpretation of a constitutional or statutory provision or a regulation, we have no authority to consider the appeal.").

CONCLUSION

We have considered Mrs. Toole's remaining arguments and find them unpersuasive.  Accordingly, the Order of the U.S. Court of Appeals for Veterans Claims is

**AFFIRMED**

COSTS

Each party shall bear its own costs.