**Ruby S. JACKSON, Claimant–Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 94–7076.

United States Court of Appeals, Federal Circuit.

May 9, 1995.

Rehearing Denied June 1, 1995.

---

Ruby S. Jackson, Houston, TX, submitted pro se.

Martin F. Hockey, Jr., Atty. Commercial Litigation Branch, Dept. of Justice, Washington, DC, submitted for respondent-appellee. With him on the brief were Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director and Anthony H. Anikeeff, Asst. Director. Of Counsel was Nicole Sideris, Dept. of Veterans Affairs.

Before NIES, SCHALL and BRYSON, Circuit Judges.

BRYSON, Circuit Judge.

The Court of Veterans Appeals dismissed Ruby S. Jackson's appeal from a decision of the Board of Veterans Appeals rejecting her claim for increased survivor benefits. The court held that it did not have jurisdiction over her claim, because her jurisdictional Notice of Disagreement was filed before November 18, 1988. We agree that the Court of Veterans Appeals did not have jurisdiction to address Jackson's claim; we therefore affirm.

I

Following the death of her husband, a retired Air Force officer, appellant Ruby Jackson began receiving dependency and indemnity compensation based on the pay grade that her husband had enjoyed when he left active duty. She subsequently sought an increase in the level of her benefits. She pointed out that her husband had attained a higher rank in the Air Force Reserve than he had held while on active duty, and she argued that her benefits should be calculated based on the pay grade for that higher rank.

The Veterans Administration Regional Office in Montgomery, Alabama, the "agency of original jurisdiction" in this case, denied Jackson's claim for increased benefits. In January 1988, Jackson filed a Notice of Disagreement, which initiated review of the regional office's decision by the Board of Veterans Appeals. See 38 U.S.C. § 7105.

The Board of Veterans Appeals remanded Jackson's case to the regional office several times during the following four years, but the regional office continued to deny her claim. When the Board of Veterans Appeals finally undertook to address the merits of Jackson's claim, it requested an opinion from the General Counsel of the Department of Veterans Affairs (DVA) regarding the legal issue in this case: whether Jackson's benefits should be calculated based on her husband's rank at the time he left active duty or his rank in the reserves. On December 23, 1992, the General Counsel issued precedent opinion 28–92, which took the position that the correct benchmark for calculating benefits was the rank Jackson's husband held at the time he left active service. Accordingly, on April 1, 1993, the Board denied Jackson's appeal on the merits.

When Jackson filed an appeal from the Board's decision with the Court of Veterans Appeals, the Secretary of Veterans Affairs moved to dismiss the appeal for lack of juris-

diction. The Court of Veterans Appeals agreed with the Secretary and dismissed the appeal, holding that because Jackson had filed her initial Notice of Disagreement prior to November 18, 1988, the court lacked jurisdiction to hear her appeal. *See* 38 U.S.C. § 7251 note. Jackson thereupon took an appeal to this court.

## II

■ The Court of Veterans Appeals properly dismissed Jackson's appeal from the decision of the Board of Veterans Appeals. Section 402 of the Veterans Judicial Review Act (VJRA), Pub.L. No. 100–687, 102 Stat. 4122, codified at 38 U.S.C. § 7251 note, provides that the Court of Veterans Appeals may review decisions of the Board of Veterans Appeals in cases in which the Notice of Disagreement that initiated appellate review of the claim was filed on or after November 18, 1988. Jackson's jurisdictional Notice of Disagreement was filed in January 1988. The Court of Veterans Appeals was therefore without jurisdiction over Jackson's claim. *See Hamilton v. Brown,* 39 F.3d 1574 (Fed. Cir.1994).

■ Jackson seeks to avoid that result by arguing that Section 402 of the VJRA does not apply to her appeal. She argues that in her appeal to the Court of Veterans Appeals, she is challenging the validity of General Counsel precedent opinion 28–92 and the DVA regulation that authorizes the Board of Veterans Appeals to request a General Counsel opinion in the course of considering a claim. The Court of Veterans Appeals has jurisdiction over those challenges, she argues, under 38 U.S.C. § 502.

Section 502 provides as follows:

An action of the Secretary to which section 552(a)(1) or 553 of title 5 (or both) refers ... is subject to judicial review. Such review shall be in accordance with chapter 7 of title 5 and may be sought only in the United States Court of Appeals for the Federal Circuit. However, if such review is sought in connection with an appeal brought under the provisions of chapter 72 of this title, the provisions of that chapter shall apply rather than the provisions of chapter 7 of title 5.

Jackson argues that Section 502 was intended as a free-standing grant of jurisdiction authorizing the Court of Veterans Appeals to review challenges to DVA rules or regulations. Accordingly, she contends, the statutory limitation on the court's jurisdiction to consider benefit claim appeals does not apply to its independent jurisdiction to consider rule and regulation challenges.

That argument is based on a misreading of Section 502. The first sentence of Section 502 authorizes judicial review of certain DVA rules and regulations. The second sentence provides that challenges to such rules and regulations shall be in the United States Court of Appeals for the Federal Circuit and shall be conducted under the judicial review procedures set forth in the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706. The third sentence creates an exception to the second, providing that if a party challenges the validity of a DVA rule or regulation as part of an appeal to the Court of Veterans Appeals, that challenge will be disposed of subject to the provisions of chapter 72, not the provisions of the APA. The provisions of chapter 72 include the jurisdictional restriction that is set forth in Section 402 of the VJRA and codified at 38 U.S.C. § 7251 note. The Court of Veterans Appeals therefore has jurisdiction to entertain a challenge to the validity of a DVA rule or regulation only if the challenge is raised in connection with a benefits claim appeal from the Board of Veterans Appeals, and only if the claimant's original Notice of Disagreement regarding that claim was filed on or after November 18, 1988.

Jackson makes the separate argument that Section 402 of the VJRA is not one of the "provisions of chapter 72" referred to in Section 502, because Section 402 of the VJRA was not part of chapter 72 of title 38 as it appeared in the Statutes at Large. That argument is inventive, but ultimately unpersuasive. The original version of the VJRA referred to "the provisions of chapter 72 of title 38" of the United States Code, and the Statutes at Large specifically designated Section 402 to be codified as part of that chapter. Moreover, when Section 502 was added to title 38 in 1991, Section 402 had already been codified as a part of chapter 72, so the reference in Section 502 to the provisions of chapter 72 clearly included Section 402 of the VJRA.

In support of her position that the Court of Veterans Appeals should be accorded jurisdiction over challenges to DVA rules and regulations, independent of claim appeals from the Board of Veterans Appeals, Jackson argues that Congress would not have wanted to deny judicial review of such challenges based only on a matter of timing. Contrary to Jackson's contention, however, the timing of her Notice of Disagreement did not deprive her of an opportunity for judicial review of her statutory and constitutional claims. Even though the timing of her Notice of Disagreement prevented her from obtaining judicial review of General Counsel precedent opinion 28–92 in the Court of Veterans Appeals, she could have obtained review of that opinion if she had sought direct review in this court under 38 U.S.C. § 502 and satisfied all the requirements of that statute. *See Hilario v. Secretary, Dep't of Veterans Affairs*, 937 F.2d 586, 588 (Fed.Cir. 1991); 38 U.S.C. § 501(c); 38 C.F.R. § 14.507(b). As Jackson recognizes, however, a request for Section 502 review in this court had to be filed within 60 days of the issuance of General Counsel precedent opinion 28–92, *see* Fed.Cir.R. 47.12(a), and she failed to seek review within that period. She therefore failed to take advantage of the opportunity for judicial review that Congress provided for her.

### III

In the alternative, Jackson argues that her January 1988 Notice of Disagreement was not the jurisdictional Notice of Disagreement in her case, because the regional office had not addressed the merits of her legal argument at the time she filed that Notice of Disagreement and did not do so until after the Board of Veterans Appeals had remanded the case to the regional office on several occasions. This argument is without merit. Under this court's decision in *Hamilton v. Brown, supra*, the jurisdiction of the Court of Veterans Appeals is determined by the date of the Notice of Disagreement that initiates appellate review of a particular claim in the Board of Veterans Appeals. The fact that new issues may be raised during the course of proceedings in the Board of Veterans Appeals and on remand to the agency of original jurisdiction does not alter that rule. *Hamilton,* 39 F.3d at 1584.

### CONCLUSION

Because the Notice of Disagreement that initiated appellate review of Jackson's claim for increased survivor benefits was filed in January 1988, and because her claim for increased benefits remained the same throughout, the Court of Veterans Appeals did not have jurisdiction in this case. The order of the Court of Veterans Appeals dismissing Jackson's appeal is therefore affirmed.

Each party shall bear its own costs.

*AFFIRMED.*