# United States Court of Appeals for the Federal Circuit

---

**LILLIE M. WINGARD,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2014-7017

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-1214, Chief Judge Bruce E. Kasold, Judge Coral Wong Pietsch, Judge Mary J. Schoelen.

---

Decided: March 10, 2015

---

TODD M. WESCHE, LaVan & Neidenberg, PA, Fort Lauderdale, FL, argued for claimant-appellant.

MARTIN F. HOCKEY, JR., Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by STUART F. DELERY, ROBERT E. KIRSCHMAN, JR.; MARTIN JAMES SENDEK, DAVID J. BARRANS, Office of the General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before MOORE, TARANTO, and CHEN, *Circuit Judges.*

TARANTO, *Circuit Judge.*

In the ruling before us, the Court of Appeals for Veterans Claims held that 38 U.S.C. § 7252(b) did not preclude it from reviewing whether the Department of Veterans Affairs complied with statutory constraints on the schedule of disability ratings. The Veterans Court then held that the Department had complied. We hold that Congress has barred the Veterans Court from conducting that review and also has barred this court from itself conducting the review on appeal from a Veterans Court decision. Any such review must be conducted through a direct review of rulemaking determinations under 38 U.S.C. § 502. We therefore vacate the Veterans Court's judgment and remand for appropriate disposition of the claim in light of our conclusion.

## BACKGROUND

Charlie N. Wingard, a twenty-year veteran of the United States military, died on September 23, 2005, from causes unrelated to his military service. His daughter, Lillie M. Wingard, filed a claim with the Department of Veterans Affairs for a burial-plot or interment allowance under 38 U.S.C. § 2303 and for burial benefits under 38 U.S.C. § 2302(a)(1). The Board of Veterans Appeals, though granting her claim for a plot or interment allowance, denied her claim for burial benefits, and Ms. Wingard appealed to the Veterans Court.

Section 2302(a)(1) provides for burial benefits only in the case of a deceased veteran "who at the time of death was in receipt of compensation . . . or was in receipt of pension." In 1989, the Department assigned Mr. Wingard a 0% disability rating for a service-connected inguinal hernia that had been treated and showed no evidence of

recurrence, *i.e.*, the Department found the disability non-compensable. Mr. Wingard's disability rating remained at the 0% level throughout his lifetime, so he never received any disability compensation. Mr. Wingard had no other claims pending at the time of his death and never received a Veterans-related pension. In the present case, Ms. Wingard argued that the Department nonetheless should grant her the § 2302(a)(1) benefits because (1) "in receipt of compensation" should be interpreted to include a veteran who (at the time of death) was *entitled to receive* compensation and (2) Mr. Wingard was entitled to receive compensation because 38 U.S.C. §§ 1110 and 1155 prohibited the Department from assigning him a 0% disability rating after finding that he had a service-connected disability.

The Veterans Court first had to decide whether it was authorized to address the statutory argument underlying Ms. Wingard's challenge. 38 U.S.C. § 7252(b) excludes from that court's review "the schedule of ratings for disabilities adopted under section 1155" and "any action of the Secretary [of the Department of Veterans Affairs] in adopting or revising that schedule." The Veterans Court concluded, however, that § 7252(b) did not preclude it from deciding whether the Secretary properly adopted a non-compensable disability rating. *Wingard v. Shinseki*, 26 Vet. App. 334, 339–40 (2013). The court then held that the Secretary's interpretation—that §§ 1110 and 1155 allow the Department to find some disabilities non-compensable and assign a 0% disability rating—was reasonable. 26 Vet. App. at 346–47. On that basis, the court concluded that Mr. Wingard was not "entitled to receive compensation," and it denied Ms. Wingard's claim without having to consider whether, as Ms. Wingard contended, § 2302(a)(1)'s language, "in receipt of compensation," included "entitled to receive compensation." 26 Vet. App. at 347.

Ms. Wingard timely appeals the Veterans Court's decision. Under 38 U.S.C. § 7292(a), this court has jurisdiction to entertain her contention that the Veterans Court misconstrued §§ 1110 and 1155.

## DISCUSSION

Ms. Wingard argues that the Department's regulations relating to disability compensation conflict with the governing statutes. Section 1155 authorizes the Secretary to adopt a schedule, for rating disabilities, that sets forth grades of disability based on the average impairment of earning capacity for a given injury. The resulting schedule is codified at 38 C.F.R. §§ 4.40–4.150. When a veteran files a claim for disability compensation under 38 U.S.C. § 1110, the Department uses the schedule to determine whether and at what rate a veteran is entitled to compensation. Ms. Wingard's core challenge is that regulations creating a "zero-percent" rating violate § 1155's command that the Secretary establish a schedule "provid[ing] ten grades of disability and no more" in 10 percent increments from 10 to 100 percent as well as § 1110's statement that "the United States will pay to any veteran thus disabled . . . compensation as provided in this subchapter."

Before we may answer that question, however, we must determine whether the Veterans Court or this court is empowered by Congress to consider the question at all in this individual benefits-claim proceeding. We conclude that Congress has precluded such consideration. Accordingly, we do not reach the merits of Ms. Wingard's challenge.

## A

Congress precluded the Veterans Court from "review[ing] the schedule of ratings for disabilities adopted under section 1155 . . . or any action of the Secretary in adopting or revising that schedule." 38 U.S.C. § 7252(b).

That provision squarely precludes the Veterans Court from determining whether the schedule, by including a 0% rating, substantively violates statutory constraints.

This case does not involve a constitutional challenge to the ratings schedule, addressed in *Nyeholt v. Secretary of Veterans Affairs*, 298 F.3d 1350, 1354–55 (Fed. Cir. 2002). Nor does it involve "an interpretation of language in the regulations" related to the schedule, addressed in *Smith v. Nicholson*, 451 F.3d 1344, 1346–47 (Fed. Cir. 2006). It also does not involve a purely procedural challenge to the Secretary's adoption of schedule regulations, addressed in *Fugere v. Derwinski*, 972 F.2d 331, 334–35 (Fed. Cir. 1999). It involves a substantive challenge to the schedule as conflicting with the statute. For this challenge, our precedent is clear in giving effect to the statutory language: § 7252(b) "broadly preclud[es] judicial review of the contents of the disability rating schedule in toto." *Wanner v. Principi*, 370 F.3d 1124, 1130 (Fed. Cir. 2004).

The Veterans Court nevertheless concluded that the § 7252(b) bar is inapplicable here because Ms. Wingard's challenge "does not seek review of what *should* be a disability or the appropriate *rating* to be assigned a particular disability." *Wingard*, 26 Vet. App. at 339–40. But § 7252(b) speaks broadly and is not susceptible to the Veterans Court's interpretation: "The Court may not review the schedule of ratings for disabilities . . . or any action of the Secretary in adopting or revising that schedule." There is no dispute that Department regulations defining the schedule's content are part of "the schedule of ratings for disabilities."

The Veterans Court's ruling is also incompatible with our precedent. In *Wanner*, as in this case, the core issue was "'whether [a] regulation complies with the statutory authority under which disability compensation is paid.'" 370 F.3d at 1127 (citation omitted). We held that

§ 7252(b) applied, rejecting the position that the Veterans Court "may review 'whether a particular code is contrary to law.'" *Id.* at 1130 (quoting *Villano v. Brown*, 10 Vet. App. 248, 250 (1997)). "The language of section 7252(b)," we explained, "removes from the Veterans Court's jurisdiction *all* review involving the content of the rating schedules and the Secretary's actions in adopting or revising them." *Id.* Elsewhere, the Veterans Court has recognized the breadth of that statutory bar. *See Byrd v. Nicholson*, 19 Vet. App. 388, 394 (2005) ("[P]ursuant to section 7252(b) and *Wanner*, this Court lacks jurisdiction to review the validity of §§ 4.150 or 3.381(a) in terms of any inconsistency with 38 U.S.C. § 1110."). The Veterans Court erred by failing to apply that principle here. Under § 7252(b), whose language has not changed since *Wanner*, the Veterans Court could not consider Ms. Wingard's statutory challenge.

B

The question remains whether this court may review the challenge even though the Veterans Court could not. We conclude that we may not.

Before 1988, Congress did not generally provide for judicial review when the Department rejected a veteran's claim for benefits. *See Henderson v. Shinseki*, 562 U.S. 428, ___, 131 S. Ct. 1197, 1201 (2011). In 1988, Congress enacted the Veterans' Judicial Review Act, Pub. L. No. 100-687, 102 Stat. 4105 (codified as amended in various sections of 38 U.S.C.), creating the Veterans Court and generally authorizing it to review claim denials, 38 U.S.C. § 7252; *Henderson*, 131 S. Ct. at 1201. As already discussed, however, the statute creates an exception that precludes the Veterans Court from reviewing the statutory challenge to the ratings schedule at issue here.

The 1988 Act also provided two means for this court to review Department actions related to benefits. First, in 38 U.S.C. § 7292, Congress allowed either party to appeal

a decision of the Veterans Court to this court. In subsection (a), however, Congress specifically barred our review of "a [Veterans Court's] refusal to review the schedule of ratings for disabilities adopted under section 1155," *see* 38 U.S.C. § 7292(a)—a refusal that § 7252(b) requires of the Veterans Court. Second, in 38 U.S.C. § 502, Congress provided that this court, without Veterans Court involvement, could directly review Department actions in adopting, revising, or refusing to adopt or revise regulations, and Congress invoked the procedures and standards of the Administrative Procedure Act (APA) for that review. Having invoked the APA, Congress added for clarity that, when review of regulations takes place under chapter 72 (in the Veterans Court under § 7252 or in this court under § 7292), as is common, the standards of chapter 72 and not the APA govern the review. § 502 (third sentence; unchanged since 1988). As enacted in 1988, however, § 502, like § 7292(a), contained an express exception for "an action relating to the adoption or revision of the schedule of ratings for disabilities adopted under section 1155." § 502 (first sentence; 2006).

In 2004 we decided *Wanner* under those provisions. We held, considering §§ 7252, 7292, and 502, that "the statutory scheme thus consistently excludes from judicial review all content of the ratings schedule." 370 F.3d at 1129. In particular, we concluded, based on the statutory structure and specific exclusions, that this court was barred by § 7292(a) from reviewing, in appeals from the Veterans Court, what the Veterans Court was barred by § 7252(b) from reviewing in its proceedings. *Id.*

In 2008, Congress modified the statutory scheme, but only a portion of § 502. Congress removed the exception for "an action relating to the adoption or revision of the schedule of ratings for disabilities adopted under section 1155 of this title" from the first sentence of § 502, which now broadly authorizes direct review of Department regulations, including schedule regulations. But Con-

gress left unchanged the § 7292(a) bar—which, we conclude, continues to have the review-precluding effect in appeals from the Veterans Court we found in *Wanner*.

Congress did not disturb the specific statutory language underlying the specific *Wanner* result precluding § 7292(a) review. Moreover, nothing in the language of § 502 modifies § 7292(a) or its preclusion of review of particular regulations. The newly general first sentence of § 502 merely provides for direct review of Department regulations; it does not address § 7292 review. And the rest of § 502 was not changed in 2008. Only the third sentence says something related to § 7292, as it did before 2008. But it merely refers to what standards govern *when* regulations are reviewed under § 7292, avoiding a possible confusion caused by the general invocation of APA standards in § 502. *Jackson v. Brown*, 55 F.3d 589, 591 (Fed. Cir. 1995). That is perfectly consistent with, and suggests no overriding of, § 7292(a)'s preclusion of review of particular regulations.

To treat the 2008 amendment as removing the prohibition on this court's review of the rating schedule when reviewing a Veterans Court decision also would produce a distinctly odd result: that this court could "review," on appeal from the Veterans Court, a Department action that the Veterans Court cannot review. We do not say that such a result is inconceivable, or even unprecedented in some contexts. *Cf. Nyeholt*, 298 F.3d at 1354 n.4 (suggesting, without deciding, that this court might review constitutional challenges to the rating schedule even if the Veterans Court could not). And we note that the language of § 7292(a)—barring this court from reviewing "a refusal [of the Veterans Court] to review the schedule of ratings"—is a bit indirect as a statement of preclusion of review of schedule regulations. Nevertheless, the sensible reading of § 7292(a), in context, is the one adopted in *Wanner*, considering § 7252(b)'s bar on Veterans Court review and the basic principle that our review

under chapter 72 is of *Veterans Court decisions*. *See* § 7292(a) ("any party to the case may obtain review of the decision" of the Veterans Court); *id.* § 7292(c) (this court has "exclusive jurisdiction" to challenges "brought under this section," *i.e.*, challenges involving the review of Veterans Court decisions). Because this court generally reviews only issues already reviewed by the Veterans Court, there was no need for Congress to specify with greater directness that this court may not review the rating schedule on appeal after it precluded the Veterans Court from engaging in such review. And given the pre-2008 background of no judicial review of schedule regulations at all, the natural reading of a limited change to § 502 (changing nothing in the statutory language of chapter 72) is that Congress did not modify this court's review under chapter 72.

This conclusion, finally, comports with the extensive discussion by the relevant Senate Committee in its 2008 report on what became the statutory change. The original legislative proposal to modify the statutory scheme would have amended § 7252(b) to allow the Veterans Court (and by extension this court) to review challenges to the rating schedule in the chapter-72 context. *See* S. 2737, 110th Cong. § 2 (2008). The Senate Committee explained that "without a change to current law, any changes to the rating schedule regulations would be shielded from review," S. Rep. No. 110-449, at 13—thus confirming the unavailability of Veterans Court review. In response to the original proposal, however, Department witnesses raised concerns that providing for judicial review *under chapter 72* would "increase litigation in [the Veterans Court] and result in piecemeal review of the rating schedule." *Id.*; *see also Wanner*, 370 F.3d at 1130 (highlighting similar concerns before passage of the original Act). The Senate Committee therefore altered the original proposal to instead leave chapter 72 unchanged and amend only § 502, newly allowing direct review of schedule-related

agency actions in this court in lieu of review in the Veterans Court. *See* S. Rep. No. 110-449, at 13–14. That amendment ultimately became law.

In short, Congress in 2008 left in place the existing provisions governing judicial review under chapter 72. Those provisions, we held in *Wanner*, preclude this court from reviewing, on appeal from the Veterans Court, a substantive statutory challenge to Department rating-schedule regulations. We remain precluded from doing so today.

CONCLUSION

For those reasons, we vacate the Veterans Court decision and remand for actions consistent with this opinion.

No costs.

**VACATED AND REMANDED**