GREENBERG, Judge,
dissenting:
I dissent. Because I believe DC 5284 is directly applicable to the appellant’s combined disability, which includes pes planus and hallux valgus, the majority cannot describe compensating the appellant under DC 5284 as “rating by analogy.”
DC 5284 is labeled “Foot injuries, other.” While one reading of this DC appears to limit compensation to a foot injury, the word “other” is not superfluous. The remainder of the diagnostic codes that pertain to the feet compensate foot conditions and not injuries. See 38 C.F.R. § 4.72, DC 5276-5283. When read naturally with the rest of the rating schedule, the term “injuries, other” clearly suggests that DC 5284 is a broader diagnostic code for feet. See FDA v. Brown & Williamson Tobacco Corp., 529 U.S. 120, 132, 120 S.Ct. 1291, 146 L.Ed.2d 121 (2000) (“The meaning — or ambiguity — of certain words or phrases may only become evident when placed in context.”).
The majority holds that “there are already safeguards in place to compensate a veteran ... for the combined effects of multiple service-connected disabilities.” Ante at 338. But, Tropf v. Nicholson, 20 Vet.App. 317 (2006), is cited for the proposition that when a single injury has multiple manifestations, the appropriate action is to recognize the disabilities separately and combine the rating. The appellant suffers from multiple service-connected conditions that, when working against each other create a combined disability that is different from either condition individually. To the extent that the majority suggests that referral for extraschedular consideration is appropriate here, I believe DC 5284 sufficiently contemplates the appellant’s disability picture.. See Thun v. Peake, 22 Vet.App. 111 (2008), aff'd sub nom. Thun v. Shinseki, 572 F.3d 1366 (Fed.Cir.2009). There is no need to require the appellant to satisfy the additional burden of establishing that his combined disability has caused such related factors as marked interference with employment or frequent periods of hospitalization where the rating schedule can adequately compensate the appellant. See id.
Moreover, VA has the duty to maximize benefits and merely compensating an appellant for all of the manifestations of his disability does not fully satisfy this obligation. See AB v. Brown, 6 Vet.App. 35, 38 (1993). VA must award the highest benefit allowed because this is what a veteran is presumed to be seeking. Id. Here that would be compensating the appellant under DC 5284. The appellant’s unique factual circumstances illustrate the possi *340 bility of compensating the appellant under both the DCs that specifically address his conditions (DCs 5276 and 5280) and the broader DC 5284. Nothing in the rating schedule prevents a disability from being appropriately compensated under multiple diagnostic codes, and the majority’s implicit suggestion that a disability listed in the rating schedule can only be rated under its listed DC, when other provisions exist, comes dangerously close to the Court reviewing the schedule of ratings for disabilities. We cannot, as a matter of law, question, but can only interpret, the secretary’s adoption of DC 5284 as an alternative means to compensate a veteran. See Win-gard v. McDonald, 779 F.3d 1354, 1356-57 (Fed.Cir.2015).
This is not a rating by analogy case. Nowhere in the decision by the Board does the word analogy or its concept appear. See R. at 3-16. Rather, the Board was appropriately considering DC 5284 as applying directly to the appellant’s condition and, but for a mathematical error by the Board, the appellant would have received a higher rating under DC 5284 which would be a favorable finding protected by the Court. See Medrano v. Nicholson, 21 Vet.App. 165, 170 (2007).
The appellant, a veteran of the army of occupation in Germany, at advanced age is struggling to be appropriately compensated by reason of ambiguous language in a regulation. We should take care, in these situations, to resolve matters as fully as possible in favor of the veteran. Because I believe the majority has incorrectly applied this regulation to the facts found, I respectfully dissent.