# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 16-2149

FRANCISCO L. MARCELINO, APPELLANT,

V.

DAVID J. SHULKIN, M.D.,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued November 15, 2017                                    Decided January 23, 2018)

*Zachary M. Stolz*, of Providence, Rhode Island, for the appellant.

*Omar Yousaf*, with whom *Meghan Flanz*, Interim General Counsel; *Mary Ann Flynn*, Chief Counsel; and *Kenneth A. Walsh*, Deputy Chief Counsel, all of Washington, D.C., were on the brief for the appellee.

Before SCHOELEN, PIETSCH, and BARTLEY, *Judges*;

SCHOELEN, *Judge*: The appellant, Francisco L. Marcelino, appeals from an April 5, 2016, Board of Veterans' Appeals (Board) decision denying service connection for obesity.[1] R. at 2-27. This appeal is timely, and the Court has jurisdiction to review the Board's decision pursuant to 38 U.S.C. §§ 7252(a) and 7266(a). For the reasons discussed below, the Court will affirm the Board's April 2016 decision.

---

[1] The Board also denied entitlement to service connection for high cholesterol. Record (R.) at 10-11. Mr. Marcelino does not challenge this portion of the Board decision; therefore, he has abandoned his appeal of that issue. Accordingly, the Court will dismiss the appeal as to this matter. *See Pederson v. McDonald*, 27 Vet.App. 276, 285 (2015) (en banc). The Board remanded Mr. Marcelino's claims for service connection for diabetes mellitus, type 2, to include as secondary to service-connected bilateral knee disabilities; an initial disability rating in excess of 10% for hemorrhoids; an initial disability rating in excess of 10% for osteoarthritis of the right knee; an initial disability rating in excess of 10% for osteoarthritis of the left knee; an initial compensable disability rating for bilateral hearing loss; an initial compensable disability rating for microcytic hypochromic anemia; and entitlement to a total disability rating based on individual unemployability due to service-connected disabilities. R. at 17-25. The remanded matters are not before the Court. *See Hampton v. Gober*, 10 Vet.App. 481, 483 (1997) (claims remanded by the Board may not be reviewed by the Court). The Board also granted service connection for obstructive sleep apnea, to include as secondary to service-connected bilateral knee disabilities. R. at 13-16. This is a favorable finding the Court may not disturb. *See Medrano v. Nicholson*, 21 Vet.App. 165, 170 (2007) ("The Court is not permitted to reverse findings of fact favorable to a claimant made by the Board pursuant to its statutory authority.").

## I. BACKGROUND

Mr. Marcelino served in the U.S. Navy from December 1983 to December 2003. R. at 65. In service he was overweight. R. at 965. Postservice treatment records show that he was diagnosed with morbid obesity. R. at 1387-88. In May 2004, Mr. Marcelino filed a claim for service connection for obesity. R. at 1766. In November 2004, the regional office denied his claim. R. at 1696. In March 2012, a primary care physician stated that Mr. Marcelino's immobility and physical restrictions were caused by his service-connected knee condition and contributed to his developing obesity. R. at 1301.

In an August 2012 VA examination report, the examiner noted that Mr. Marcelino had osteoarthritis of both knees, which affected his ability to run or walk for "any appreciable length of time." R. at 1274. However, the examiner found that the osteoarthritis did not inhibit Mr. Marcelino's ability to perform low impact aerobic exercises. *Id*. The examiner further explained that the main factor in losing or gaining weight is calorie intake, and Mr. Marcelino's bilateral knee condition did not cause him to eat more. *Id*.

In the April 5, 2016, decision here on appeal, the Board denied service connection for obesity, stating that "obesity, in and of itself, is not a disability for VA compensation purposes." R. at 11. The Board noted that the VA schedule for rating disabilities, title 38, Code of Federal Regulations, part 4, does not contemplate a separate disability rating for obesity and that VA's discretion over the rating schedule is insulated from judicial review. R. at 12 (citing *Wanner v. Principi*, 370 F.3d 1124, 1131 (Fed. Cir. 2004)). The Board also stated that *Wanner* held that review of the content of the rating schedule is indistinguishable from the review of what should be considered a disability. *Id*. This appeal followed.

## II. ANALYSIS

Establishing service connection generally requires medical or, in certain circumstances, lay evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. *See Davidson v. Shinseki*, 581 F.3d 1313 (Fed. Cir. 2009); *Hickson v. West*, 12 Vet.App. 247, 253 (1999); *Caluza v. Brown*, 7 Vet.App. 498, 506 (1995), *aff'd per curiam*, 78 F.3d 604 (Fed. Cir. 1996) (table).

Mr. Marcelino essentially disagrees with the Board's determination that obesity is not a condition for which service connection may be established. Appellant's Brief (Br.) at 2-10. He argues that the Board erred when it did not adhere to VA's definition of "disease" and instead determined, based on its own medical speculation, that obesity is not a disease for disability compensation purposes. *Id.* The Secretary relies heavily upon a January 2017 General Counsel Opinion, which states that there is no single, widely accepted definition of "disease" but that it is VA's longstanding policy that obesity is not disease eligible for service connection. Secretary's Br. at 9. He argues that determining whether obesity should be considered a disease involves an exercise of VA's gap-filling authority. *Id.*

The Court asked the parties to be prepared to discuss at oral argument whether the Court has jurisdiction to review whether VA should consider obesity a disability under the rating schedule. Mr. Marcelino argued that the Court has jurisdiction because whether obesity is a disease is a question of law that must be answered before turning to the second and separate policy question whether veterans may be compensated for obesity. Oral Argument at 03:44–:58, *Marcelino v. Shulkin*, U.S. Vet. App. No. 16-2149 (argued Nov. 15, 2017), http://www.uscourts.cavc.gov/oral_arguments_audio. Mr. Marcelino further asserted that, here, the Court is simply reviewing the Board decision, which differentiates this case from *Wanner* and other cases that stated that the Court may not review the content of the rating schedule. Oral Argument at 02:51-03:19.

The Court's jurisdiction is described in 38 U.S.C. § 7252(b), which states:

Review in the Court shall be on the record of proceedings before the Secretary and the Board. The extent of the review shall be limited to the scope provided in section 7261 of this title. The Court may not review the schedule of ratings for disabilities adopted under section 1155 of this title or any action of the Secretary in adopting or revising that schedule.

38 U.S.C. § 7252(b).

The U.S. Court of Appeals for the Federal Circuit (Federal Circuit) ruled in *Wanner v. Principi* that the statutory scheme in 38 U.S.C. § 7252(b) and 7292(a) "consistently excludes from judicial review all content of the ratings schedule as well as the Secretary's actions in adopting or revising that content." 370 F.3d at 1129. The Federal Circuit also stated that "the [rating] schedule consists of both the ratings and the injuries for which the ratings are provided, [and] [t]he Secretary's discretion over the schedule, including procedures followed and content selected, is

3

insulated from judicial review." *Id*. at 1131. The Court went on to state that direct review of the content of the rating schedule is "indistinguishable" from review of what should be considered a disability. *Id*; *see also Byrd v. Nicholson*, 19 Vet.App. 388 (2005) (holding that the Secretary's decision, reflected in the rating schedule, to eliminate periodontal disease from diseases generally eligible for VA compensation is not reviewable by this Court). In *Wingard v. McDonald*, the Federal Circuit reiterated its holding in *Wanner*, laying out three exceptions to the principle that this Court may not review the rating schedule. Those exceptions are (1) a case involving a constitutional challenge, (2) a case involving an interpretation of language in the regulations related to the schedule, and (3) a case involving a purely procedural challenge to the Secretary's adoption of schedule regulations.[2] 779 F.3d 1354,1356-57 (2015).

The Federal Circuit and section 7252 are unequivocal in their language that this Court is precluded from reviewing the content of the rating schedule. As stated above, the Federal Circuit expressly held that reviewing what should be considered a disability is no different from direct review of the content of the rating schedule. *Wanner*, 370 F.3d at 1131. Mr. Marcelino essentially asks the Court to direct VA to interpret the term "disease" to include obesity. As there is currently no provision in the rating schedule to compensate for obesity, a ruling by this Court finding that VA should include obesity as a compensable disease *or* a finding that the Board erred when it denied Mr. Marcelino service connection for obesity would require the Court to undertake the very review of the rating schedule that has been barred from its jurisdiction.

Moreover, the present case does not fit into any of the *Wingard* exceptions. This case does not involve a constitutional challenge to the rating schedule, an interpretation of language of the regulation, or a purely procedural challenge to the Secretary's adoption of schedule regulations. *See Smith v. Nicholson*, 451 F.3d 1344, 1346-47 (Fed. Cir. 2006); *Nyeholt v. Sec'y of Veterans Affairs*, 298 F.3d 1350, 1354-55 (Fed. Cir. 2002); *Fugere v. Derwinski*, 972 F.2d 331, 334-35 (Fed. Cir. 1992). Despite Mr. Marcelino's attempt to couch his arguments as a two-part inquiry involving a purely legal question and a policy determination on the part of VA, this argument is nothing more than a backdoor substantive challenge to the content of the rating schedule that this Court may not and will not entertain.

---

[2] This exception applies to regulations challenges under the Administrative Procedure Act brought before the Federal Circuit.

The Board did not dispute in this case that the appellant suffers from obesity; rather, the Board found that obesity is not recognized by VA as a disease or disability for compensation purposes. R. at 11-13. The Court does not have jurisdiction to entertain the argument that obesity should be considered a disability under the rating schedule. *See* 38 U.S.C. § 7252(b); *Wanner*, 370 F.3d at 1131; *see also Wingard*, 779 F.3d at 1356-57. Accordingly, Mr. Marcelino's arguments are without merit, and the Board decision will be affirmed.[3]

### III. CONCLUSION

Upon consideration of the foregoing, the Court holds that it lacks jurisdiction to review Mr. Marcelino's challenge to the rating schedule. The April 5, 2016, decision of the Board that denied service connection for obesity for the purpose of VA compensation is AFFIRMED.

---

[3] The Court need not to address the remainder of Mr. Marcelino's arguments because they are contingent upon the Court having jurisdiction over whether obesity is a disease for compensation purposes. Because the Court does not have jurisdiction over this argument, it will not reach the merits of Mr. Marcelino's other arguments.