NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PASCO K. ALTOVILLA,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-1915

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-2138, Judge Joseph L. Falvey, Jr.

---

Decided: September 6, 2019

---

PASCO K. ALTOVILLA, Clarksburg, WV, pro se.

TANYA KOENIG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, CLAUDIA BURKE, ROBERT EDWARD KIRSCHMAN, JR.; CHRISTINA LYNN GREGG, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, MOORE, and STOLL, *Circuit Judges.*

PER CURIAM.

Pasco K. Altovilla appeals from the final decision of the Court of Appeals for Veterans Claims ("the Veterans Court") affirming the decision of the Board of Veterans' Appeals ("the Board"), which denied Altovilla entitlement to a disability greater than 10 percent for bilateral hearing loss. *See Altovilla v. Wilkie*, No. 18-2138, 2019 WL 439006, at *2 (Vet. App. Feb. 5, 2019). For the reasons that follow, we *dismiss* the appeal.

## BACKGROUND

Altovilla served on active duty in the Army from 1962 to 1965. *Id.* at *1. In November 2007, he was granted service connection for his hearing loss in his left ear at a 10% disability rating. *Id.* In June 2015, he sought a higher disability rating for his left ear. *Id.* In September 2015, Altovilla received a VA audiological examination resulting in pure tone averages of 50 for the right ear and 105+ for the left ear, and speech discrimination scores of 96% in the right ear and "could not test" in the left ear. *Id.* In December 2015, the Department of Veterans Affairs ("VA") Regional Office in Huntington, West Virginia notified Altovilla that it had made a decision that the disability rating for his left ear should remain at 10% and that the right ear would be evaluated with the left ear as a paired organ. It awarded Altovilla a disability rating of 10% for his bilateral hearing loss. Altovilla filed a Notice of Disagreement, and the VA responded by granting service connection for his right ear and maintaining a disability rating of 10% for his bilateral hearing loss. *Id.*

Altovilla appealed to the Board. In a March 2018 decision, the Board denied entitlement to a disability rating greater than 10% for bilateral hearing loss. *See In re*

*Altovilla,* No. 16-11 542, slip op. at 6 (Bd. Vet. App. Mar. 28, 2018). Based on the tables in 38 C.F.R. § 4.85, the Board assigned the highest possible numeric designation of "XI" for the left ear and "I" for the right ear. *Id.* at 5–6. The Board thus concluded that a 10% disability rating was appropriate.

**TABLE VII**

**PERCENTAGE EVALUATION FOR HEARING IMPAIRMENT**
**(DIAGNOSTIC CODE 6100)**

Poorer Ear

| Better Ear | XI | X | IX | VIII | VII | VI | V | IV | III | II | I |
|---|---|---|---|---|---|---|---|---|---|---|---|
| XI | 100* | | | | | | | | | | |
| X | 90 | 80 | | | | | | | | | |
| IX | 80 | 70 | 60 | | | | | | | | |
| VIII | 70 | 60 | 50 | 50 | | | | | | | |
| VII | 60 | 60 | 50 | 40 | 40 | | | | | | |
| VI | 50 | 50 | 40 | 40 | 30 | 30 | | | | | |
| V | 40 | 40 | 40 | 30 | 30 | 20 | 20 | | | | |
| IV | 30 | 30 | 30 | 20 | 20 | 20 | 10 | 10 | | | |
| III | 20 | 20 | 20 | 20 | 20 | 10 | 10 | 10 | 0 | | |
| II | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 0 | 0 | 0 | |
| I | 10 | 10 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |

38 C.F.R. § 4.85 (highlight added).

Altovilla appealed to the Veterans Court, which affirmed the Board's decision. Based on its review of the record, the Veterans Court determined that the Board did not

clearly err in assigning a disability rating of 10%. *Altovilla*, 2019 WL 439006, at \*2.  Altovilla timely appealed to this court.

## DISCUSSION

The scope of our review in an appeal from the Veterans Court is limited.  We may review the validity of a decision with respect to a rule of law or interpretation of a statute or regulation that was relied upon by the Veterans Court in making its decision.  38 U.S.C. § 7292(a).  Except with respect to constitutional issues, this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Altovilla argues that he should have been awarded at least a 20% disability rating.  According to Altovilla, he was awarded a 10% disability rating in his left ear and then a 10% disability rating in his right ear for a total 10% disability rating, which "does not add up" and "makes no sense."  Appellant's Br. 1.  He additionally contends that conversations he had with the audiological examiner should have been considered.  Altovilla also submitted an updated audiological examination from April 2018, which he argues shows that the condition is his right ear worsened.

The government responds that Altovilla's arguments do not challenge the interpretation of the regulations, but rather, "simply disagree[] with the results of his assigned disability rating."  Appellee's Br. 8.  Accordingly, the government argues that this court lacks jurisdiction over this appeal.  To the extent that Altovilla challenges the rating schedule itself, the government's position is that the rating schedule is not subject to review.  Additionally, the government argues that whether Altovilla's conversations with an audiological examiner should have been considered in the ratings decision, is also a question of fact outside of this court's jurisdiction.  Finally, the results of an April 2018

examination that Altovilla submitted to demonstrate the worsening of his condition constitutes "a claim for increase that is separate and distinct from the initial claim for service connection that underlies this appeal." *Id.* at 10. The government contends that a claim for increase must be filed first with the VA.

We agree with the government that we lack jurisdiction to review Altovilla's appeal. Altovilla challenges the results of his assigned disability rating, but this is a factual determination that we lack jurisdiction to review. *See Bastien v. Shinseki*, 599 F.3d 1301, 1306 (Fed. Cir. 2010) ("The evaluation and weighing of evidence and the drawing of appropriate inferences from it are factual determinations committed to the discretion of the fact-finder. We lack jurisdiction to review these determinations."). We also lack jurisdiction to review substantive challenges to the ratings schedules, which are within the discretion of the Secretary. *See* 38 U.S.C. § 7252(b); *Wingard v. McDonald*, 779 F.3d 1354, 1359 (Fed. Cir. 2015) (holding that this court was precluded from substantive review of ratings schedules based on § 7252(b)'s bar on Veterans Court review). The additional information Altovilla provided regarding a conversation he had with the audiological examiner, and whether that information should have been considered in his rating decision, is also a fact question outside of our jurisdiction. *See Waltzer v. Nicholson*, 447 F.3d 1378, 1380 (Fed. Cir. 2006). Finally, the April 2018 examination, which Altovilla contends demonstrates his worsening condition, is dated after the Board's decision and thus was not considered by the Board or the Veterans Court. This court is without jurisdiction to consider it in the first instance. *See Ledford v. West*, 136 F.3d 776, 780 (Fed. Cir. 1998).

CONCLUSION

We have considered the remaining arguments but find them unpersuasive. For the foregoing reasons, we *dismiss* the appeal for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.