# United States Court of Appeals for the Federal Circuit

---

**CHARLES J. LOVE, JR.,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1465

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-1265, Chief Judge Margaret C. Bartley.

---

Decided: July 11, 2024

---

KENT A. EILER, Carpenter Chartered, Topeka, KS, argued for claimant-appellant. Also represented by JOHN D. NILES.

RETA EMMA BEZAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM; BRIAN D. GRIFFIN, RICHARD STEPHEN HUBER, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before DYK, SCHALL, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Appellant Charles J. Love, Jr. appeals a decision from the United States Court of Appeals for Veterans Claims holding that the procedural protections set out in 38 C.F.R. § 3.344 do not apply to disabilities rated under diagnostic code 7528 for service-connected prostate cancer. Because we agree with the Veterans Court that the diagnostic code provides specific procedures that the agency must follow upon cessation of cancer treatment, the general provisions of § 3.344 do not apply.

I

A

We begin with an overview of the relevant statutes and regulations. The Secretary of Veterans Affairs is required by 38 U.S.C. § 1155 to promulgate a rating schedule for disabilities. In relevant part, the statute states:

> The Secretary shall adopt and apply a schedule of ratings of reductions in earning capacity from specific injuries or combination of injuries. The ratings shall be based, as far as practicable, upon the average impairments of earning capacity resulting from such injuries in civil occupations. The schedule shall be constructed so as to provide ten grades of disability . . . upon which payments of compensation shall be based . . . .

38 U.S.C. § 1155.

Under this authority, the Secretary promulgated 38 C.F.R. § 4.115b, titled "[r]atings of the genitourinary system—diagnoses." Section 4.115b provides diagnostic codes (DCs) and corresponding disability ratings for certain diseases of the reproductive and urinary systems. The diagnostic code at issue in this appeal, DC 7528, is housed in § 4.115b and states that "[m]alignant neoplasms of the

genitourinary system"—*i.e.*, prostate cancer—shall be rated at 100 percent disabling. A Note accompanying the diagnostic code provides:

> Note—Following the cessation of surgical, X-ray, antineoplastic chemotherapy or other therapeutic procedure, the rating of 100 percent shall continue with a mandatory VA examination at the expiration of six months. Any change in evaluation based upon that or any subsequent examination shall be subject to the provisions of § 3.105(e) of this chapter. If there has been no local reoccurrence or metastasis, rate on residuals as voiding dysfunction or renal dysfunction, whichever is predominant.

38 C.F.R. § 4.115b.

"[T]he provisions of § 3.105(e)," as referenced by the Note, relate to reductions in disability evaluations that would lead to a decrease or discontinuance of disability payments. 38 C.F.R. § 3.105(e). The regulation requires that, for such reductions, "a rating proposing the reduction or discontinuance will be prepared setting forth all material facts and reasons." *Id.* The regulation also states that the veteran "will be given 60 days for the presentation of additional evidence to show that compensation payments should be continued at their present level." *Id.* If the veteran does not present additional evidence, compensation will be reduced "effective the last day of the month in which a 60-day period from the date of notice to the beneficiary of the final rating action expires." *Id.* The statutory authority for promulgation of § 3.105(e) is 38 U.S.C. § 5112(b)(6). *See* 38 C.F.R. § 3.105(e).

The final regulation central to this appeal is 38 C.F.R. § 3.344, titled "[s]tabilization of disability evaluations." The regulation provides additional procedural steps that the agency must follow before it may reduce or discontinue ratings that have continued at the same level for five years or more. *See Hanser v. McDonough*, 56 F.4th 967, 972–74 (Fed. Cir. 2022) (interpreting § 3.344(c) and holding that

"[f]or a veteran to be entitled to the protections of (a) and (b), the veteran's disability rating must have continued at the same level for five years or more"). Three procedural requirements for a proper reduction are relevant in this appeal: (1) "[e]xaminations less full and complete than those on which payments were authorized or continued will not be used as a basis of reduction," (2) "[r]atings on account of diseases subject to temporary or episodic improvement . . . will not be reduced on any one examination, except in those instances where all the evidence of record clearly warrants the conclusion that sustained improvement has been demonstrated," and (3) "the rating agency will consider whether the evidence makes it reasonably certain that the improvement will be maintained under the ordinary conditions of life." 38 C.F.R. § 3.344(a). Section 3.344 was promulgated under 38 U.S.C. § 501(a), which is the Secretary's source of general rulemaking authority. 38 U.S.C. § 501(a) ("The Secretary has authority to prescribe all rules and regulations which are necessary or appropriate to carry out the laws administered by the Department and are consistent with those laws . . . ."); *see also* 38 C.F.R. § 3.344.

## B

Mr. Love served on active duty in the United States Army from January 1968 to March 1971. In 2006, the Department of Veterans Affairs (VA) granted Mr. Love service connection for prostate cancer based on his exposure to the herbicide Agent Orange during his time serving in Vietnam. Effective September 29, 2005, Mr. Love received a disability rating of 100 percent under DC 7528 for his prostate cancer. In 2007, Mr. Love's rating under DC 7528 was reduced to 20 percent following successful treatment for the cancer. In 2009, Mr. Love's rating was once again increased to 100 percent because of a recurrence of the cancer. Mr. Love retained the 100 percent rating for active prostate cancer for the next decade. In May 2018, Mr. Love received further treatment for his cancer, and his 100 percent rating was continued based on "[a]ctive malignancy."

In December 2018, after an examination by a VA physician, Mr. Love's cancer was found to be in remission following treatment.

In February 2019, the Veterans Benefits Administration Regional Office (RO) notified Mr. Love that it proposed decreasing his disability rating for prostate cancer from 100 percent to 20 percent because his cancer was in remission and the residual complications from the cancer supported a 20 percent rating. Mr. Love challenged the proposed reduction, arguing, among other things, that the VA was prohibited from reducing his rating without following the heightened procedural requirements of 38 C.F.R. § 3.344. Despite Mr. Love's protest, the RO sustained its earlier proposed rating reduction and, in September 2019, informed Mr. Love that, based on the timing requirements of 38 C.F.R. §§ 3.105(e) and 3.501, the reduction would be effective December 1, 2019. Mr. Love appealed the RO's decision to the Board of Veterans' Appeals (Board), and the Board upheld the RO's decision. Mr. Love then appealed to the Court of Appeals for Veterans Claims (Veterans Court). *See Love v. McDonough*, No. 21-1265, 2022 WL 16549073 (Vet. App. Oct. 31, 2022).

Before the Veterans Court, Mr. Love again argued that the reduction of his disability rating was improper because the RO failed to apply the procedural protections of § 3.344. The Veterans Court found that its previous decision, *Foster v. McDonough*, 34 Vet. App. 338 (2021), was controlling and that ratings under DC 7528 were not entitled to the protections of § 3.344. Based on this reasoning, the Veterans Court affirmed the Board's decision, holding that the discontinuance of Mr. Love's 100 percent rating was proper and that Mr. Love was not entitled to a residual rating of higher than 20 percent for residuals of prostate cancer under DC 7528.

C

Because Mr. Love's arguments on appeal turn on his contention that *Foster* was wrongly decided, we briefly

review that decision as well. Like Mr. Love, Mr. Foster was granted service connection for prostate cancer under DC 7528, based on his exposure to Agent Orange while serving in Vietnam. *Foster*, 34 Vet. App. at 341. Following treatment, Mr. Foster's 100 percent rating was reduced to 10 percent for residuals from the cancer. *Id.* Mr. Foster appealed the reduction to the Board and then to the Veterans Court. *Id.* at 341–42. The legal question before the Veterans Court in Mr. Foster's appeal was whether DC 7528 is subject to the procedural protections of 38 C.F.R. § 3.343. Section 3.343 is titled "[c]ontinuance of total disability ratings" and provides additional procedural steps that the agency must follow before it may reduce or discontinue a rating of 100 percent for a service-connected disability. 38 C.F.R. § 3.343. Like § 3.344 at issue in this appeal, § 3.343 was promulgated under the Secretary's general rulemaking authority of 38 U.S.C. § 501(a). *See* 38 C.F.R. §§ 3.343, 3.344. The regulations are housed in the same subpart of the regulatory code and they contain similar requirements that the agency must follow before it may properly reduce a disability rating. Among other things, both regulations require a showing of "material improvement . . . under the ordinary conditions of life" before a rating can be reduced. *See* 38 C.F.R. §§ 3.343, 3.344.

In interpreting the regulations, the *Foster* court explained that "[t]he plain language of DC 7528 provides step-by-step instructions for how prostate cancer and its residuals are to be rated." *Foster*, 34 Vet. App. at 345. It explained:

> A 100% rating is warranted for malignant neoplasms of the genitourinary system. When a claimant's treatment ends, VA is required to provide an examination 6 months later to assess his condition. Based on the results of that examination, VA will either (1) continue the 100% rating if there is local reoccurrence or metastasis of the prostate cancer, or (2) provide the claimant with notice of the discontinuance of the 100% prostate cancer rating,

> consistent with § 3.105(e). Once this notice has been provided, and based on the results of the mandatory examination, the 100% rating ends, and the claimant's condition will be rated based on prostate cancer residuals, that is, based on any voiding or renal dysfunction he may have, whichever is predominant.

*Id.* (footnote omitted). After walking through the plain language of the regulation, the court stated, "[i]t is clear from the language of DC 7528 that the discontinuance of appellant's 100% disability rating does not constitute a traditional rating reduction but is instead part of the initial rating assigned for the condition." *Id.* The court explained that the DC 7528 Note "sets forth, in some sense, a rating package" because it describes when a 100 percent rating will be assigned, "the circumstances under which that rating may be discontinued based on procedures set out in the Note, and assuming there is an end to the 100% disability rating, how residuals will be rated thereafter." *Id.*

The court also considered DC 7528 in light of the requirements of § 3.343, noting that "[a] proper rating reduction under the language of 38 C.F.R. § 3.343 . . . requires a showing of material improvement under the ordinary conditions of life." *Id.* In contrast, "DC 7528 provides its own measure of improvement for prostate cancer, specifically, cessation of treatment and no cancer recurrence or metastasis based on a mandatory examination." *Id.* Accordingly, the court reasoned that applying § 3.343 to disabilities rated under DC 7528 "would render portions of the regulations redundant and require the Board to consider improvement of prostate cancer under two different standards." *Id.* at 345–46 ("To read the rating-reduction regulations into the language of DC 7528 would make the method for measuring improvement under the DC inoperative or less significant and thus should be avoided."). The court also noted that while the plain language of DC 7528 controlled the outcome, the court's approach was also consistent with prior Veterans Court decisions concerning

other diagnostic codes. *See id.* at 346–47 (discussing *Rossiello v. Principi*, 3 Vet. App. 430 (Vet. App. 1992), which held that cessation of a 100 percent cancer rating under DC 6819 for respiratory cancer was not a traditional rating reduction based on the DC Note's automatically terminating "temporal component"). Applying its regulatory interpretation to the facts of the case, the Veterans Court concluded that because discontinuance of a 100 percent rating under DC 7528 does not constitute a traditional rating reduction, the Board was not required to consider whether Mr. Foster's pre-discontinuance exam complied with the "general rating-reduction provisions in § 3.343." *Id.* at 349.

## II

Our jurisdiction to review decisions of the Veterans Court is limited to reviewing legal questions, including "the validity of any statute or regulation or any interpretation thereof." 38 U.S.C. § 7292(c). We review legal determinations de novo. *Hanser*, 56 F.4th at 969. "We may not, however, review (1) 'a challenge to a factual determination' or (2) 'a challenge to a law or regulation as applied to the facts of a particular case,' unless the challenge presents a constitutional issue." *Id.* (quoting 38 U.S.C. § 7292(d)(2)).

We are instructed to hold unlawful and set aside any regulation or interpretation thereof that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1).

## III

Mr. Love raises two issues on appeal to this court, both of which go to his argument that the Veterans Court's decision in *Foster* was erroneous and that he is entitled to the procedural protections of § 3.344 for his rating reduction under DC 7528. First, Mr. Love argues that the Secretary does not have the statutory authority under 38 U.S.C.

§ 1155 to promulgate a diagnostic code that is exempt from the § 3.344 procedures. Second, Mr. Love argues that, even if we conclude that the Secretary *does* have the authority, the correct interpretation of the regulations is to require the VA to apply § 3.344 to disabilities rated under DC 7528. We address each argument in turn.

A

Mr. Love argues that the Secretary may not adopt a ratings schedule that exempts certain diagnostic codes from the procedural protections for reductions set out in § 3.344 and similar regulations. Mr. Love asserts that the Secretary's authority to promulgate a ratings schedule under 38 U.S.C. § 1155 "extends *only* to correlating . . . a disability's symptoms with . . . the average resultant decrease that they cause in civilian earning capacity" and further that the scope of authority "simply does not extend to what requirements an examination report or medical opinion must (or need not) meet to be adequate for any particular adjudicative purpose." Appellant's Br. 20. The government disagrees, asserting that DC 7528 is well within the Secretary's authority under the statute.

In the alternative, the government also asserts that we are precluded from reviewing the validity of DC 7528 in this case based on 38 U.S.C. § 7252(b) and our precedent in *Wingard v. McDonald*, 779 F.3d 1354 (Fed. Cir. 2015). We are persuaded by this argument and conclude that we lack the authority to review the validity of DC 7528 in the context of this appeal.

The jurisdiction of the Veterans Court is set out in 38 U.S.C. § 7252 and includes a statutory bar on reviewing the content of the ratings schedule promulgated under the Secretary's 38 U.S.C. § 1155 authority. *See* 38 U.S.C. § 7252(b) ("The Court may not review the schedule of ratings for disabilities adopted under section 1155 of this title or any action of the Secretary in adopting or revising that schedule."). We have held that the statutory bar "squarely precludes the Veterans Court from determining whether

the schedule . . . substantively violates statutory constraints." *Wingard*, 779 F.3d at 1356; *see also Wanner v. Principi*, 370 F.3d 1124, 1130 (Fed. Cir. 2004) (rejecting the position that the Veterans Court "may review 'whether a particular code is contrary to law.'" (citation omitted)).

Further, pursuant to 38 U.S.C. § 7292(a) and this court's binding precedent, we are "preclude[d] . . . from reviewing, on appeal from the Veterans Court, a substantive statutory challenge to Department rating-schedule regulations." *Wingard*, 779 F.3d at 1359; 38 U.S.C. § 7292(a) (granting the Federal Circuit jurisdiction to review decisions of the Veterans Court "other than a refusal to review the schedule of ratings for disabilities adopted under section 1155 of this title"). This statutory bar does not mean that the Secretary's actions in creating a ratings schedule are entirely unreviewable. Rather, 38 U.S.C. § 502 authorizes direct review of the Secretary's actions in this court. *See Wingard*, 779 F.3d at 1358 (noting that, in 2008, Congress modified the statutory scheme to "broadly authorize[] direct review of Department regulations, including schedule regulations").

Mr. Love's argument that the Secretary exceeded his authority in promulgating DC 7528 is precisely the "substantive statutory challenge" that *Wingard* concluded we cannot review except under a 38 U.S.C. § 502 review proceeding. *See id.* at 1356. For this reason, we do not reach the merits of Mr. Love's argument on this issue.

B

Mr. Love also urges us to reject the Veterans Court's reasoning in *Foster* and instead find that DC 7528 is subject to the procedural requirements of 38 C.F.R. § 3.344. Because we see no legal error in the Veterans Court's analysis, we decline to do so.

In construing a regulation, we must first look to the language of the regulation itself to determine its plain meaning. *Frazier v. McDonough*, 66 F.4th 1353, 1357 (Fed. Cir. 2023) (citing *Goodman v. Shulkin*, 870 F.3d 1383, 1386

(Fed. Cir. 2017)). Further, "we are required to 'carefully consider the text, structure, history, and purpose of a regulation' when determining its meaning." *Id.* (quoting *Kisor v. Wilkie*, 588 U.S. 558, 559 (2019)).

Thus, we begin our inquiry with the plain language of DC 7528. Like the Veterans Court, we conclude that the diagnostic code and its Note set out a clear path for how a veteran with service-connected prostate cancer should be rated, and it also conclusively speaks to when the 100 percent rating may be terminated in a manner that leaves no gaps for § 3.344 to fill. *See Foster*, 34 Vet. App. at 345. Although *Foster* concerned the application of § 3.343, the analysis is identical when applied to § 3.344 in this case due to the similarity of the regulations. The DC 7528 Note instructs that the 100 percent rating should continue for six months following cessation of treatment, with a mandatory VA exam at the end of that period. 38 C.F.R. § 4.115b. The Note concludes by stating "[i]f there has been no local reoccurrence or metastasis, rate on residuals as voiding dysfunction or renal dysfunction, whichever is predominant." *Id.* Because the diagnostic code itself contemplates that the rating will change as the veteran's diagnosis evolves, we agree with the Veterans Court that this is not a "traditional" rating reduction where a veteran's rating is reduced in grade based on a stepwise improvement of their still-existing disability. *See Foster*, 34 Vet. App. at 345.

To hold otherwise would force the agency to apply potentially conflicting procedural standards to disabilities rated under DC 7528. For example, § 3.344 would require the agency to "consider whether the evidence makes it reasonably certain that the improvement will be maintained under the ordinary conditions of life" before it could discontinue the 100 percent rating, whereas DC 7528 more specifically requires "no local reoccurrence or metastasis" at the six-month examination. 38 C.F.R. § 3.344; 38 C.F.R. § 4.115b. It is a "basic tenet of statutory construction" that a specific statute takes precedence over a more general one. *Arzio v. Shinseki*, 602 F.3d 1343, 1347 (Fed. Cir. 2010)

(citing *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992) ("[I]t is a commonplace of statutory construction that the specific governs the general.")). This rule applies to regulations as well as statutes. *Id.* In *Arzio*, we rejected a veteran's argument that he should be allowed to prove service connection for his post-traumatic stress disorder (PTSD) under either the general requirements for service connection set out in 38 C.F.R. § 3.303 or the PTSD-specific requirements in 38 C.F.R. § 3.304(f). *Id.* at 1346–47. Instead, the veteran was required to prove service connection under the specific regulation for PTSD. *Id.* Here, we similarly conclude that because DC 7528 provides the more specific procedure for modifying the disability rating of a veteran with service-connected prostate cancer, the general procedures of § 3.344 are not controlling.

Finally, our conclusion is supported by the text of similarly structured diagnostic codes that specifically require the agency to apply § 3.344. For example, DC 7712 states that "[s]ymptomatic multiple myeloma," a different type of cancer, should be rated at 100 percent. 38 C.F.R. § 4.117. A Note accompanying the code states:

> Note (2): The 100 percent evaluation shall continue for five years after the diagnosis of symptomatic multiple myeloma, at which time the appropriate disability evaluation shall be determined by mandatory VA examination. Any reduction in evaluation based upon that or any subsequent examination shall be subject to the provisions of § 3.105(e) and § 3.344 (a) and (b) of this chapter.

*Id.* Unlike DC 7528, DC 7712 requires the agency to abide by the requirements of § 3.344 before it may reduce a veteran's rating. While in the case of most regulations, the absence of a reference to § 3.344 would not suggest that it is inapplicable, here, where § 4.115b (like § 4.117) provides explicit requirements for ratings reductions, one would expect that § 3.344 would be referenced specifically if it were applicable. The inclusion of § 3.344 in one diagnostic code leads us to believe that its omission in another such

provision is meaningful. "'[I]t is our duty to give effect, if possible, to every clause and word' of the regulations" that we are tasked with interpreting. *Martinez-Bodon v. McDonough*, 28 F.4th 1241, 1246 (Fed. Cir. 2022) (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)). Mr. Love's proposed interpretation of the regulations would render the explicit procedural requirements contained in DC 7712 meaningless, an outcome that we should strive to avoid.

## IV

We have considered Mr. Love's remaining arguments and find them unpersuasive. Because we agree with the Veterans Court that the requirements of 38 C.F.R. § 3.344 do not apply to DC 7528, we affirm.

## **AFFIRMED**

### COSTS

No costs.