NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VIRGINIA H. QUILON,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-1183

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-4199, Judge Coral Wong Pietsch.

---

Decided: June 4, 2019

---

VIRGINIA H. QUILON, San Fernando City, La Union, Philippines, pro se.

ANDREW W. LAMB, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM; CHRISTINA LYNN GREGG, BRIAN D.

GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before PROST, *Chief Judge,* BRYSON and REYNA,
*Circuit Judges.*

PER CURIAM.

Virginia H. Quilon appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision of the Board of Veterans' Appeals ("Board") that Ms. Quilon was not entitled to benefits. *See Quilon v. Wilkie*, 2018 WL 3700202 (Vet. App. Aug. 3, 2018). Because we conclude that the Veterans Court properly held that it lacked jurisdiction over Ms. Quilon's claims for payment from the Filipino Veterans Equity Compensation Fund ("FVECF") and for dependency and indemnity compensation, we affirm-in-part. And because all other appealed issues extend beyond our own jurisdiction, we dismiss-in-part.

I

This case concerns two intertwined claims by Ms. Quilon. In November 2008, Ms. Quilon applied for nonservice-connected pension benefits based on her service in the Philippines during World War II. Ms. Quilon states that she was a member of the Women's Auxiliary Service and performed guerrilla service in support of the United States Armed Forces. Ms. Quilon further states that she now suffers from post-traumatic stress disorder. In February 2009, the Department of Veterans Affairs Regional Office denied this claim due to a lack of evidence of qualifying military service. S.A. 11.[1]

_____

[1] Citations to the record are to the Supplemental Appendix ("S.A.") filed by the Secretary of Veterans Affairs.

In March 2009, Ms. Quilon filed a separate claim for a one-time FVECF payment. That claim was denied, as the National Personnel Records Center could not confirm qualifying service under either Ms. Quilon's given name or her alias Romualda Quilon. S.A. 11. This denial was affirmed by the Board and, in turn, by the Veterans Court. S.A. 36–40.

In 2012, Ms. Quilon requested that the Regional Office reopen both her pension claim and her FVECF claim to consider new evidence, including paperwork purporting to show her military serial number. The Board addressed these requests together in November 2016. First, the Board denied Ms. Quilon's pension claim, concluding that even if her serial number proved military service, guerrilla service in the Philippines could not entitle her to non-service-connected pension benefits as a matter of law. S.A. 14–16 (citing 38 U.S.C. § 107; 38 C.F.R. § 3.40 (enumerating benefits available to Philippines guerrillas, not including nonservice-connected pension benefits)). Second, the Board held that it did not have jurisdiction over Ms. Quilon's FVECF claim, as the Regional Office had never addressed the question of whether her serial number constituted new and material evidence verifying her service. Because that factfinding was relevant to the merits of Ms. Quilon's FVECF claim, the Board referred the issue to the Regional Office for adjudication. S.A. 11–13.

On appeal to the Veterans Court, Ms. Quilon argued again that her service entitled her to a one-time payment under the FVECF and to pension benefits, and raised a new claim for dependency and indemnity compensation ("DIC") under 38 U.S.C. §§ 1310, 1318. Ms. Quilon also objected to the manner in which a personal interview was conducted in February 2009 with respect to her pension claim.

The Veterans Court held that it did not have jurisdiction over Ms. Quilon's FVECF claim or her new DIC claim,

as they were not the subject of a final decision by the Board. S.A. 5–6. It also affirmed the Board's conclusion that, as a matter of law, Ms. Quilon could not qualify for nonservice-connected pension benefits even if she performed the service she claimed. S.A. 6–7. Finally, the Veterans Court found no error with Ms. Quilon's personal interview. S.A. 7. Ms. Quilon appealed to this court.

## II

This court has limited jurisdiction to review decisions of the Veterans Court. We may "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and . . . interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). "Except to the extent that a constitutional issue is presented, this court may not review 'a challenge to a factual determination,' or 'a challenge to a law or regulation as applied to the facts of a particular case.'" *Goodman v. Shulkin*, 870 F.3d 1383, 1385 (Fed. Cir. 2017) (quoting 38 U.S.C. § 7292(d)(2)(A)–(B)). We review the Veterans Court's determination of its own jurisdiction de novo. *Maggitt v. West*, 202 F.3d 1370, 1374 (Fed. Cir. 2000). By statute, the Veterans Court's "[r]eview . . . shall be on the record of proceedings before the Secretary [of Veterans Affairs] and the Board." 38 U.S.C. § 7252(b).

The Veterans Court properly found that it did not have jurisdiction to hear Ms. Quilon's DIC and FVECF claims. Ms. Quilon's DIC claim was not presented or resolved in the November 2016 Board decision that was before the Veterans Court, or indeed in any other Board decision. The Veterans Court has "no jurisdiction to consider" an issue where "there was no Board decision . . . to review." *Ledford v. West*, 136 F.3d 776, 779 (Fed. Cir. 1998). Ms. Quilon's FVECF claim was also not resolved in the November 2016 Board decision. The Board found that it lacked jurisdiction over the claim and referred the issue to the Regional Office

to determine in the first instance whether Ms. Quilon's serial number constituted new and material evidence that could support her FVECF claim. S.A. 11–13. The Veterans Court correctly concluded that because the Board referred the claim to the Regional Office and did not rule on it, the claim was not properly presented on appeal. *See Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1365 (Fed. Cir. 2005) (affirming the Veterans Court's lack of jurisdiction when issue was remanded by Board). Therefore, we affirm the Veterans Court's conclusion that it lacked jurisdiction to hear Ms. Quilon's DIC and FVECF claims.[2]

Ms. Quilon's remaining claims are outside of our jurisdiction to review. Ms. Quilon does not contend that her claims present a constitutional issue. Appellant's Br. 1. Although Ms. Quilon does contend that her case involves the validity or interpretation of a statute or regulation, her argument challenges only factual findings. *Id.* at 1, 3. An appellant's "characterization of th[e] question" as statutory interpretation cannot create jurisdiction where the challenge raises only factual issues. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999).

Ms. Quilon contends the serial number she provided definitively proves her military service and entitles her to pension benefits. However, we lack jurisdiction to review "[t]he evaluation and weighing of evidence and the drawing of appropriate influences from it." *Bastien v. Shinseki*, 599 F.3d 1301, 1305 (Fed. Cir. 2010). For the same reason, we lack jurisdiction to review Ms. Quilon's claim that her

---

[2]    The record before us does not reflect developments in Ms. Quilon's FVECF claim since it was referred to the Regional Office. We do not reach the merits of that claim, and nothing in our decision would prevent Ms. Quilon from further pursuing that claim.

personal interview with the agency was conducted improperly. That determination is necessarily fact-based.

Based on the foregoing, the Veterans Court's decision that it lacked jurisdiction over Ms. Quilon's FVECF and DIC claims is affirmed. Because we lack jurisdiction over Ms. Quilon's remaining claims, including her factual dispute regarding her pension claim and her objection to her personal interview, they are dismissed.

**AFFIRMED-IN-PART AND DISMISSED-IN-PART**

COSTS

The parties shall bear their own costs.