NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOSEPH E. KONTZ,**
*Claimant-Appellant*

v.

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1135

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-151, Judge Joseph L. Toth.

---

Decided:  March 6, 2020

---

JOSEPH E. KONTZ, Carbondale, PA, pro se.

GEOFFREY MARTIN LONG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by JOSEPH H. HUNT, CLAUDIA BURKE, ROBERT EDWARD KIRSCHMAN, JR.; Y. KEN LEE, EVAN SCOTT GRANT, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before WALLACH, TARANTO, and STOLL, *Circuit Judges.*

PER CURIAM.

Appellant Joseph E. Kontz appeals the U.S. Court of Appeals for Veterans Claims' ("Veterans Court") decision affirming the Board of Veterans' Appeals' ("Board") denial of a non-service-connected pension ("NSCP"). *See Kontz v. Wilkie*, No. 19-0151, 2019 WL 3503995, at *1 (Vet. App. Aug. 2, 2019). Because we lack jurisdiction, we dismiss.

BACKGROUND

I. Statutory Framework

Pursuant to 38 U.S.C. § 1521(a), "each veteran of a period of war . . . who is permanently and totally disabled from [a] non-service-connected disability" is entitled to an annual NSCP payment. The rate of the NSCP is based on whether the "veteran is married and living with or reasonably contributing to the support of such veteran's spouse." 38 U.S.C. § 1521(c). Additionally, "[a]s a condition of granting or continuing [a] pension," the U.S. Department of Veterans Affairs ("VA") may require "information, proofs, and evidence as is necessary to determine the annual income and the value of the corpus of the estate of such person, and of any spouse or child for whom the person is receiving or is to receive increased pension[.]" 38 C.F.R. § 3.277(a) (2015). The VA must "deny or discontinue the payment of [a] pension to a veteran" where "the corpus of the estates of the veteran and of the veteran's spouse is such that under all the circumstances," including "the annual income of the veteran [and] the veteran's spouse," "it is reasonable that some part of the corpus of such estates be consumed for the veteran's maintenance." 38 U.S.C. § 1522(a). A veteran's "annual income" "include[s] the veteran's annual income" and "the annual income of the veteran's dependent spouse[.]" 38 C.F.R. § 3.23(d)(4). A veteran's spouse is not considered "dependent" if the spouse "resides apart from

the veteran and is estranged from the veteran." *Id.* § 3.23(d)(1); *see* 38 U.S.C. § 1521(b), (c) (providing for different pension rates for veterans "unmarried (or married but not living with or reasonably contributing to the support of [his or her] spouse)" and veterans "married and living with or reasonably contributing to the support of [his or her] spouse").

## II. Factual Background

Mr. Kontz served in the U.S. "Navy from 1950 to 1954" during the Korean Conflict. *Kontz*, 2019 WL 3503995, at *2; *see* Appellee's App. 17;[1] *see also* Appellee's App. at 17–20 (Application for Pension, Form 21-527EZ).[2] In 2015, at the age of eighty-one, Mr. Kontz applied for NSCP. *Kontz*, 2019 WL 3503995, at *2; *see* Appellee's App. 17. In his application for NSCP, Mr. Kontz indicated that he is married and lives with his spouse without any dependent children. *Kontz*, 2019 WL 3503995, at *2; *see* Appellee's App. 18–19. The section of the application for NSCP entitled "Income Verification," which is used to determine NSCP eligibility, instructs veterans to provide "household" "net worth" and "monthly income," including for "dependents (spouse, child etc.)." Appellee's App. 18. Mr. Kontz reported only his own Social Security income and, for his household net worth, his and his spouse's "joint check[ing]." Appellee's App. 19.

Following Mr. Kontz's initial application for NSCP, the VA requested "additional information necessary to complete [Mr. Kontz's application], including his spouse's net worth and income." *Kontz*, 2019 WL 3503995, at *2. Mr. Kontz did not provide it. *Id.*; *see In re Kontz*, No. 16-40

---

[1]    "Appellee's App." refers to the Secretary of Veterans Affairs' ("the Secretary") Appendix attached to its informal response brief.

[2]    The Korean Conflict is considered a "period of war" pursuant to 38 U.S.C. § 101(9), (11).

629A, slip op. at 2 (Bd. Vet. App. Dec. 18, 2018) (Appellee's App. 11–16) (explaining that Mr. Kontz "ha[d] not supplied his spouse's income, net worth and medical expenses information" at the time of the application or the Board decision). Rather, Mr. Kontz replied that "he d[id] not believe that [his spouse qualifies as his] dependent . . . because, since their marriage in 1989," they have filed separate tax returns and she does not rely on him for support. *In re Kontz*, slip op. at 2. Mr. Kontz's spouse provided a statement that she has filed her own tax returns since her marriage to Mr. Kontz and that she does not depend on him for support. *See id.*; Appellant's App. (providing a statement from Mr. Kontz's spouse).[3] Because Mr. Kontz did not provide his spouse's net worth and income, the VA Regional Office denied Mr. Kontz's NSCP claim. *See Kontz*, 2019 WL 3503995, at *2.

Mr. Kontz appealed the VA Regional Office's decision and, in January 2018, the Board remanded it for further development of the facts. *In re Kontz*, slip op. at 1–2. Again, Mr. Kontz did not provide his spouse's financial information and the VA Regional Office continued the denial of the claim. *Id.* at 2. In December 2018, the Board denied Mr. Kontz's claim, concluding that because Mr. Kontz had "not provided the necessary information . . . to verify his eligibility" for NSCP, his claim "must be denied" for "the absence of legal merit or lack of entitlement under the law." *Id.* at 5–6. The Board explained that Mr. Kontz's "spouse is a dependent for VA [NSCP] benefits purposes but [he] has failed to provide her income, net worth[,] and medical expenses information." *Id.* at 1. The Board further explained that "[p]ension benefits are based upon total family income and the amount of pension benefits is adjusted based upon the number of dependents the veteran

---

[3]    Appellant's App. refers to the document attached to Mr. Kontz's informal brief.

supports," and that "[f]or purposes of VA pension benefits, a 'dependent' is defined as a veteran's spouse or child." *Id.* at 3 (emphasis omitted).

Mr. Kontz appealed the Board's decision to the Veterans Court. *Kontz*, 2019 WL 3503995, at \*1; *see* Appellee's App. 5–9 (Veterans Court Docket). Mr. Kontz again argued that his spouse's financial information is not relevant to his NSCP application because she does not depend on him for support. *Kontz*, 2019 WL 3503995, at \*1. The Veterans Court affirmed the Board's decision. *Id.* The Veterans Court stated that Mr. Kontz's claim "is simply a disagreement with [the] VA's determination as to what information is legally necessary to demonstrate entitlement to NSCP, and such disagreement is insufficient to demonstrate error." *Id.* The Veterans Court explained that there was no basis to grant an exception to the general rule that a spouse's financial information must be reported as part of the application process. *Id.* at \*2. The Veterans Court further explained that the "requirement [for providing a spouse's financial information] comes directly from the statute, which assesses the annual NS[CP] rate based on whether the 'veteran is married and living with *or* reasonably contributing to the support of such veteran's spouse.'" *Id.* (quoting 38 U.S.C § 1521(c)). The Veterans Court entered judgment in October 2019. Appellee's App. 8. Mr. Kontz subsequently filed an Informal Brief with the court. *See* Appellant's Br. 1.

## DISCUSSION

### I. Standard of Review

The scope of our review in an appeal from the Veterans Court is limited by statute. *See Goodman v. Shulkin*, 870 F.3d 1383, 1385 (Fed. Cir. 2017). We may review a Veterans Court decision "with respect to the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans] Court in making the decision."

38 U.S.C. § 7292(a).   "Except to the extent an ap-
peal . . . presents a constitutional issue," we "may not re-
view (A) a challenge to a factual determination, or (B) a
challenge to a law or regulation as applied to the facts of a
particular case." *Id.* § 7292(d)(2).

II. We Lack Jurisdiction over Mr. Kontz's Appeal

On appeal, Mr. Kontz asserts that the Veterans Court
erred in finding that his spouse "is a dependent" because
there is "no proof[,] no facts[, and] no evidence." Appel-
lant's Br. 1.  The Secretary asserts that "Mr. Kontz seeks
review of factual findings or the application of law to facts,
both of which lie beyond [our] jurisdiction[.]" Appellee's Br.
1.  We agree with the Secretary.

Mr. Kontz fails to challenge any particular aspect of
the Veterans Court's decision based on a rule of law or the
validity or interpretation of any statute or regulation. *See
generally* Appellant's Br.  Nor does Mr. Kontz raise any le-
gitimate constitutional challenge. *See generally id.*  Ra-
ther, the VA denied Mr. Kontz's claim "[b]ased on [his]
refusal to supply spousal financial information." *Kontz*,
2019 WL 3503995, at \*2.  The Veterans Court affirmed this
denial, concluding that Mr. Kontz had failed to establish
that his spouse was not his "dependent" within the mean-
ings of 38 C.F.R. § 3.23(d)(1), and that, therefore, there was
no clear error in the Board's determination because
Mr. Kontz had repeatedly failed to provide his spouse's fi-
nancial information as required for an NSCP eligibility de-
termination.  *Id.* at \*2.  Because the Veterans Court
ultimately denied Mr. Kontz's request based on the appli-
cation of law to fact, i.e., his failure to comply with the
NSCP request procedures, and Mr. Kontz does not appear
to raise a legal challenge to the Veterans Court's rules or
statutes, we lack jurisdiction. *See Cromer v. Nicholson*, 455
F.3d 1346, 1349 (Fed. Cir. 2006) (providing that when the
Veterans Court resolves an appeal "independently" of a po-
tential legal issue, we "lack jurisdiction").

CONCLUSION

We have considered Mr. Kontz's remaining arguments and find them unpersuasive.  Mr. Kontz's appeal from the United States Court of Appeals for Veterans Claims is

**DISMISSED**