NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LONNIE B. SORRELL,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1918

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-8853, Judge Coral Wong Pietsch.

---

Decided:  February 21, 2023

---

LONNIE B. SORRELL, Chandler, AZ, pro se.

BORISLAV KUSHNIR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY; AMANDA BLACKMON, CHRISTINA LYNN GREGG, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before CHEN, WALLACH, and HUGHES, *Circuit Judges.*

PER CURIAM.

Lonnie Sorrell appeals a final decision of the United States Court of Appeals for Veterans Claims (Veterans Court) affirming a decision by the Board of Veterans' Appeals (Board) that denied his claim for entitlement to a compensable disability rating for a service-connected right wrist cyst. Because Mr. Sorrell's arguments are beyond the limited jurisdiction of our court, we *dismiss* the appeal.

## BACKGROUND

Mr. Sorrell served in the United States Air Force from 1969 to 1973. SAppx. 53.[1] His separation examination indicated that he had "skin diseases." SAppx. 45–52. In April 1973, Mr. Sorrell filed a claim for service connection for a right wrist cyst, and although the Department of Veterans Affairs (VA) granted service connection, it assigned a non-compensable rating for a benign skin growth. SAppx. 58; *see also* 38 C.F.R. § 4.118. Mr. Sorrell did not appeal this decision, and it became final.

In 2007, Mr. Sorrell sought a compensable disability rating for (1) his right wrist cyst and (2) arthritis secondary to the cyst. SAppx. 54–57. In May 2008, a VA Regional Office (RO) continued the non-compensable rating for his cyst and determined that his arthritis was not service-connected. SAppx. 59–62. Mr. Sorrell appealed to the Board. Over the course of several remands from the Board, Mr. Sorrell underwent multiple medical examinations. *See Sorrell v. McDonough*, No. 20-8853, 2022 WL 969961, at *1–3 (Vet. App. Mar. 31, 2022). In July 2020, a VA

————————————

[1]    All SAppx. citations herein refer to the appendix filed concurrently with Appellee's brief.

examiner issued a medical opinion concluding Mr. Sorrell's right wrist cyst (1) did not impact gainful employment, and (2) did not cause degenerative changes to the wrist or hand, such as his arthritis. SAppx. 29–33. In August 2020, the RO issued a supplemental statement of the case denying a compensable rating for the right wrist cyst.[2] *Sorrell*, 2022 WL 969961, at *3.

Mr. Sorrell again appealed to the Board, and on November 30, 2020, the Board denied a compensable rating for his right wrist cyst. SAppx. 13–20. After reviewing the medical evidence of record indicating his right wrist cyst "was intermittent, not symptomatic, and not a reason to have had it surgically removed or [to have] been denied employment post-service . . . . [and thus] was/is inconsequential," the Board concluded that "the weight of the evidence is against a compensable rating for [Mr. Sorrell's right wrist cyst]." SAppx. 19–20. However, the Board remanded Mr. Sorrell's arthritis claim for further development because the medical opinions of record did not adequately address certain private treatment records. SAppx. 20–26.

Mr. Sorrell appealed to the Veterans Court. The Veterans Court affirmed the Board's denial, finding "Mr. Sorrell identifie[d] no evidence that could possibly be favorable to his claim for a compensable rating for right wrist cyst." *Sorrell*, 2022 WL 969961, at *5. The Veterans Court then rejected Mr. Sorrell's argument that his 1972 separation examination was incomplete for failing to diagnose, at that time, his subsequent bilateral carpal tunnel syndrome (CTS) and arthritis diagnoses. *Id.* The Veterans Court also

---

[2]    Mr. Sorrell separately sought a compensable disability rating for bilateral carpal tunnel syndrome (CTS), and in April 2019, the Board determined that he was entitled to a disability rating for CTS at 10 percent between May 2012 and March 2014 and at a higher disability rating after March 2014. *See* SAppx. 36–40.

rejected Mr. Sorrell's argument that his right wrist cyst should have been assigned a compensable rating under 38 C.F.R. §§ 3.324 or 3.321, finding Mr. Sorrell did not identify any evidence suggesting his cyst "interfered with normal employability" or "is so exceptional or unusual that it renders application of the regular schedular ratings impractical." *Id.* (first citing 38 C.F.R. § 3.324; and then citing 38 C.F.R. § 3.321). Finally, the Veterans Court found that Mr. Sorrell did not identify any evidence suggesting that the Board made its determinations based on bias, rather than record evidence. *Id.* This appeal followed.

## DISCUSSION

Our authority to review decisions of the Veterans Court is limited by statute. *Goodman v. Shulkin*, 870 F.3d 1383, 1385 (Fed. Cir. 2017). While we have jurisdiction to "review the legal determinations of the Veterans Court," we "may not review the Veterans Court's factual findings or its application of law to facts absent a constitutional issue." *Singleton v. Shinseki*, 659 F.3d 1332, 1334 (Fed. Cir. 2011); *see also* 38 U.S.C. § 7292. Thus, where an appeal challenges factual determinations by the Veterans Court, we lack subject matter jurisdiction and dismissal is required.

Mr. Sorrell argues that the Board erroneously denied a compensable rating for his right wrist cyst. *See* Appellant's Br. 1, 4–5.[3] That argument, however, is beyond our jurisdiction to consider. *See Middleton v. Shinseki*, 727 F.3d 1172, 1177–78 (Fed. Cir. 2013) (explaining that determining whether a higher disability rating is warranted "requires an application of law to fact that is beyond our jurisdiction"); *see also Sorrell*, 2022 WL 969961, at *4–5; SAppx. 19–20.

---

[3]    Because Mr. Sorrell filed his brief via Form 13 and a separately-paginated narrative, citations herein to Mr. Sorrell's opening brief refer to the ECF pagination therefor.

Mr. Sorrell also argues that the Board's decision (i) was tainted by bias or (ii) "fail[ed] to apply or misappl[ied]" 38 C.F.R. §§ 3.321 and 3.324. *See* Appellant's Br. 5. Because the Veterans Court found that he did not provide evidence for "the necessary factual predicate" to support his arguments, *see Sorrell*, 2022 WL 969961, at *5, Mr. Sorrell is challenging the Veteran Court's factual determination, or at most its application of law to the facts. Thus, this challenge is also beyond our jurisdiction.[4]    38 U.S.C. § 7292(d)(2).

Lastly, we do not have jurisdiction to consider Mr. Sorrell's argument that his separation examination was incomplete. *See* Appellant's Br. 7. We have repeatedly held that "the sufficiency of a medical opinion is a matter beyond our jurisdictional reach, because the underlying question is one of fact." *Prinkey v. Shinseki*, 735 F.3d 1375, 1383 (Fed. Cir. 2013).

Because the only issues here involve challenges to the Board's fact finding regarding the evidence supporting a compensable disability rating for his right wrist cyst, the adequacy of his separation examination, and the Veterans

---

[4]    To the extent that Mr. Sorrell argues that the Veterans Court misconstrued 38 C.F.R. §§ 3.321 and 3.324 by failing to consider the compensability of his right wrist cyst in combination with his CTS and arthritis claims, *see* Appellant's Br. 5–7, we disagree. Mr. Sorrell's CTS was separately awarded a compensable rating, and thus it may not be combined with his right wrist cyst. *See* 38 C.F.R. § 3.324. Moreover, Mr. Sorrell's arthritis claim, secondary to his right wrist cyst, is on remand to the Board and not properly before us.

Court's application of law to fact, we lack jurisdiction.[5]  38 U.S.C. § 7292(d)(2).

### CONCLUSION

We have considered Mr. Sorrell's remaining arguments and find them unpersuasive.  We therefore dismiss Mr. Sorrell's appeal for lack of jurisdiction.  However, we note that on November 30, 2020 the Board remanded to the VA for further examination of outstanding VA and/or private treatment records related to Mr. Sorrell's arthritis claim, and nothing in this Opinion forecloses Mr. Sorrell from pursuing a VA determination and any appeals that would issue from it.

**DISMISSED**

### COSTS

No costs.

---

[5]    Although Mr. Sorrell alleges a constitutional violation, he provides no detail or support for his claim.  *See* Appellant's Br. at 2, 4.  We lack jurisdiction over Mr. Sorrell's claim, as it is "constitutional in name only."  *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999).