NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROLANDO E. ONOFRE,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1897

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-2711, Judge Joseph L. Falvey, Jr.

---

Decided:  March 16, 2023

---

ROLANDO E. ONOFRE, San Antonio, TX, pro se.

GALINA I. FOMENKOVA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY.

---

Before DYK, LINN, and CHEN, *Circuit Judges*.

PER CURIAM.

Rolando E. Onofre appeals a decision of the United States Court of Appeals for Veterans Claims (Veterans Court) affirming a decision of the Board of Veterans' Appeals (Board) denying service connection for cardiovascular disease and hypertension.  For the reasons below, we *affirm* the Veterans Court's decision as to Mr. Onofre's cardiovascular disease claim, *vacate and remand* the Veterans Court's decision as to the hypertension claim, and *dismiss* the parts of Mr. Onofre's appeal over which we lack jurisdiction.

## BACKGROUND

Mr. Onofre served in Vietnam from September 1970 to September 1971.  *Onofre v. McDonough*, No. 21-2711, 2022 WL 214508, at \*1 (Vet. App. Jan. 25, 2022) (*Veterans Court Decision*).  In 2008, he filed claims for cardiovascular disease and hypertension.  *Id.*  After multiple examinations and remands, the Department of Veterans' Affairs (VA) determined that Mr. Onofre had paroxysmal atrial fibrillation (a cardiovascular disease) and hypertension but denied his claims as not service connected.  *Id.* at \*1–2.  In its most recent decision, the Board explained that Mr. Onofre was presumptively exposed to Agent Orange while serving in Vietnam and that service connection for posttraumatic stress disorder (PTSD) was established, but the Board again denied service connection for cardiovascular disease and hypertension.  *Id.* at \*2.  The Veterans Court affirmed, determining that the Board provided adequate reasons for its decision.  *Id.* at \*1, \*4.  This appeal followed.

## DISCUSSION

Our authority to review decisions of the Veterans Court is limited by statute.  *Goodman v. Shulkin*, 870 F.3d 1383, 1385 (Fed. Cir. 2017).  We may "review and decide any challenge to the validity of any statute or regulation or any

interpretation thereof . . . and . . . interpret constitutional and statutory provisions" to the extent they are necessary to a decision. 38 U.S.C. § 7292(c). Except to the extent an appeal presents a constitutional issue, we may not review a challenge to a factual determination or the application of a law or regulation to the facts of a particular case. *Id.* § 7292(d)(2).

Mr. Onofre appears to argue that the Veterans Court erred in interpreting 38 C.F.R. § 3.309(e) to exclude paroxysmal atrial fibrillation and hypertension from presumptive service connection for herbicide exposure. Informal Br. 1–2. We disagree. Section 3.309(e) lists certain diseases as presumptively service connected if the veteran was exposed to herbicides during active service, none of which include paroxysmal atrial fibrillation and hypertension. 38 C.F.R. § 3.309(e) (2021). The cardiovascular condition "ischemic heart disease" is listed, but "ischemic heart disease does not include hypertension." *Id.* § 3.309(e) n.2. Thus, the Veterans Court properly interpreted § 3.309(e) to exclude paroxysmal atrial fibrillation and hypertension.

After the Veterans Court's decision, however, Congress amended the list of conditions for which service connection following herbicide exposure may be statutorily presumed to include hypertension. Honoring our PACT Act of 2022, Pub. L. No. 117-678, § 404, 136 Stat. 1759, 1782 (codified at 38 U.S.C. § 1116(a)(2)). In light of this recent change in the law, the Secretary recommends the court either: (1) affirm or dismiss the appeal for both the paroxysmal atrial fibrillation and hypertension claims; or (2) affirm or dismiss the paroxysmal atrial fibrillation claim but remand the hypertension claim for further consideration under the PACT Act. Informal Resp. Br. 7–8, 8 n.2. Under the circumstances, we think the government's second recommendation is appropriate, and thus we remand Mr. Onofre's hypertension claim for further consideration in light of the amended statute.

To the extent Mr. Onofre argues that the record shows he proved service connection (either directly or secondary) for paroxysmal atrial fibrillation, hypertension, or any disease listed in § 3.309(e), those arguments are directed to findings of fact or the application of regulation to the facts—arguments over which we lack jurisdiction. *See* 38 U.S.C. § 7292(d)(2).

## CONCLUSION

We have considered Mr. Onofre's remaining arguments but find them unpersuasive. Accordingly, we *affirm* the Veterans Court's decision as to the paroxysmal atrial fibrillation claim, *vacate and remand* the Veterans Court's decision as to the hypertension claim, and *dismiss* the parts of Mr. Onofre's appeal over which we lack jurisdiction.

**AFFIRMED-IN-PART, VACATED-IN-PART, DISMISSED-IN-PART, AND REMANDED**

## COSTS

No costs.