NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**THOMAS W. ROCKWOOD, III,**

*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2023-1121

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-6535, Judge Joseph L. Toth.

---

Decided: February 24, 2025

---

NAOMI FARVE, New Orleans, LA, for claimant-appellant.

TANYA KOENIG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY; EVAN SCOTT GRANT, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before DYK, TARANTO, and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge.*

Thomas W. Rockwood, III, appeals a decision of the United States Court of Appeals for Veterans Claims (Veterans Court) affirming the Board of Veterans' Appeals (Board) decision with respect to Mr. Rockwood's claim of clear and unmistakable error (CUE) in his 1991 rating decision and claim for an earlier effective date, and dismissing his claim of CUE in his 1982 rating decision for lack of jurisdiction. For the following reasons, we affirm-in-part and dismiss-in-part.

## BACKGROUND

Mr. Rockwood served in the Army from 1965 to 1968. In August 1991, Mr. Rockwood sought service connection for PTSD. He was provided with Veterans Affairs (VA) examinations in September and October 1991. The September examiner diagnosed him with "Specific Delusional Disorder, Somatic Type" and provided no comment as to post-traumatic stress disorder (PTSD). J.A. 12.[1] The October examiner diagnosed him with "Schizophrenia, Paranoid, Chronic" and opined that "[PTSD] is not diagnosed because the traumatic event has not been persistently re-experienced." *Id.* During the exam, Mr. Rockwood denied experiencing any Vietnam War flashbacks or intrusive thoughts.

In December 1991, the regional office (RO) issued a rating decision that denied service connection for PTSD because there was no diagnosis of PTSD in the record.

---

[1]    Citations to "J.A." refer to the corrected Joint Appendix filed with Appellant's Corrected Opening Brief. *See* ECF Nos. 45, 47.

Mr. Rockwood did not appeal that decision, which became final. In 1998, however, Mr. Rockwood moved to reopen his previously denied PTSD claim, and after the VA reopened the claim, Mr. Rockwood was diagnosed with PTSD in 2003. The RO granted service connection for PTSD with a 100% evaluation effective July 20, 1998. Mr. Rockwood appealed, seeking an earlier effective date. During that appeal, he raised the CUE theories that the Board and Veterans Court addressed and are at issue in this appeal.

The Board determined that there was no error of fact or law in the RO's December 1991 decision. The Veterans Court agreed, concluding Mr. Rockwood "has not demonstrated that the Board's negative CUE finding was erroneous." J.A. 16. Before the Veterans Court, Mr. Rockwood also raised—for the first time—a specific allegation of CUE in a September 1982 rating decision. The Veterans Court concluded that it lacked jurisdiction to address this claim because Mr. Rockwood's "theory of CUE in the RO's 1982 decision was not presented to the RO and subsequently decided by the Board." *Id.*

Separately, the Board also denied Mr. Rockwood's claim for an effective date earlier than July 1998. Mr. Rockwood appealed the Board's denial generally but again raised a new argument before the Veterans Court. Specifically, Mr. Rockwood argued that he was entitled to an earlier effective date for PTSD because he filed an informal claim for a nervous disorder in 1975 that was never adjudicated by the VA. The Veterans Court recognized that "[t]he Board did not have an opportunity to address this argument as the veteran raised it for the first time on appeal," J.A. 17, but still found that "the Board made sufficient factual findings to dispatch [Mr. Rockwood's] challenge." *Id.* The Board found that entitlement to service connection arose in January 2003, when Mr. Rockwood was first diagnosed with PTSD, yet the RO had granted service connection effective July 20, 1998. And on appeal to the Veterans Court, Mr. Rockwood could not point to a

diagnosis of PTSD before either July 20, 1998, or January 2003. Thus, the Veterans Court reasoned, "even if [Mr. Rockwood] did file a claim for PTSD in 1975, he is not entitled to an earlier effective because he cannot show entitlement to service connection before July 20, 1998," the date that the RO granted service connection for PTSD. *Id.* Mr. Rockwood appeals.

DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is "limited by statute." *Goodman v. Shulkin*, 870 F.3d 1383, 1385 (Fed. Cir. 2017). We may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). Absent a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

The court's ability to review alleged legal errors becomes narrower in the context of CUE. A CUE motion "is a statutorily authorized collateral attack on a final decision of the Board or RO that, if successful, results in a 'reversed or revised' decision having 'the same effect as if [it] had been made on the date of the [original] decision.'" *George v. McDonough*, 991 F.3d 1227, 1233 (Fed. Cir. 2021) (alterations in original) (quoting 38 U.S.C. §§ 7111, 5109A). To demonstrate CUE, a claimant must show that the alleged error (1) is "based on the record and the law that existed at the time of the prior adjudication in question"; (2) is "undebatable"; and (3) "would have manifestly changed the outcome at the time it was made." *Id.* (cleaned up). That is, "to constitute CUE, the alleged error must be both 'outcome determinative' and 'based upon the evidence of record at the time of the original decision.'" *Szemraj v. Principi*, 357 F.3d 1370, 1376 (Fed. Cir. 2004) (citation omitted).

Whether the Veterans Court lacks jurisdiction is an issue of statutory construction, *see* 38 U.S.C. § 7252, which we review de novo. *Howard v. Gober*, 220 F.3d 1341, 1343 (Fed. Cir. 2000). The Veterans Court has jurisdiction "to review decisions of the Board." 38 U.S.C. § 7252(a). If the Board has not rendered a decision on a claim, that claim is outside of the Veterans Court's jurisdiction. *See Ledford v. West*, 136 F.3d 776, 779 (Fed. Cir. 1998).

We reviewed Appellant's brief and discerned three primary issues on appeal. We address each in turn.

A

First, Mr. Rockwood appears to assert CUE in the 1982 rating decision, as he did before the Veterans Court. Mr. Rockwood's opening brief focuses on a factual argument that he was entitled to an effective date of PTSD as of December 1968 under the "benefit of the doubt" doctrine. *See* Appellant's Br. 8, 21–25, 27. Mr. Rockwood asserts that the VA medical examiners and the VA Rating specialists neither considered nor brought to the attention of the Board that PTSD and schizophrenia are comorbid conditions. Appellant's Br. 23–24. Mr. Rockwood's argument that he was entitled to a PTSD diagnosis as of December 1968 is, in essence, a contention that an earlier rating decision (as amended by a 1982 rating decision) finding service connection for schizophrenia contained CUE by not also finding that Mr. Rockwood should have been diagnosed with PTSD.

A CUE claim, however, must be raised to the RO in the first instance. We have explained that "[b]ecause a CUE claim involves an allegation of an error with 'some degree of specificity,' a veteran's assertion of a particular clear and unmistakable error by the RO constitutes a distinct claim." *Andre v. Principi*, 301 F.3d 1354, 1361 (Fed. Cir. 2002). The Veterans Court properly found that Mr. Rockwood's distinct theory of CUE in the 1982 rating decision "was not presented to the RO and subsequently decided by the

Board," so "the [Veterans] Court lack[ed] jurisdiction to address it." J.A. 16 (citing *Andre*, 301 F.3d at 1361–62). Because that claim was not addressed on the merits by the Board or the Veterans Court, it likewise is not reviewable by this court. *See* 38 U.S.C. §§ 7252, 7292; *Howard*, 220 F.3d at 1344 (holding that "when the Board has not rendered a decision on a particular issue, the [Veterans Court] has no jurisdiction to consider it"). Thus, we affirm the Veterans Court's dismissal of Mr. Rockwood's claim of CUE for lack of jurisdiction.

B

To the extent Mr. Rockwood also challenges the 1991 RO decision based on CUE, we lack jurisdiction to review that challenge. While we can review the Veterans Court's decision to assess whether the correct legal standards were applied in determining whether a given decision contained CUE, we cannot review the Veterans Court's conclusions on whether a given set of facts constitutes CUE. *Willsey v. Peake*, 535 F.3d 1368, 1372 (Fed. Cir. 2008) ("[T]he issue before this court is whether the Veterans Court applied its decision in *Russell* to the question of whether there was CUE in [the relevant decision], not whether the application of that rule to the particular facts of this case was correct."); *see also Guillory v. Shinseki*, 603 F.3d 981, 986 (Fed. Cir. 2010).

Here, we do not possess jurisdiction over Mr. Rockwood's claim. Mr. Rockwood does not allege that the Veterans Court committed any error. Instead, his arguments focus exclusively on the purported relationship between PTSD and schizophrenia and the alleged errors in the 1991 rating decision. Appellant's Br. 22–26. Also, the Veterans Court decision did not elaborate or expound upon any statute, regulation, or rule of law. *See generally* J.A. 10–17. And it did not address any constitutional issues. *See generally id.* We are persuaded that the Veterans Court merely applied settled law to the facts of Mr. Rockwood's

case when it affirmed the Board's finding that Mr. Rockwood's entitlement to PTSD benefits arose in 2003 when he was first diagnosed with PTSD. J.A. 16–17. Because we are not permitted to review this direct application of law to the factual circumstances of this case, we dismiss this claim for lack of jurisdiction. *See* 38 U.S.C. § 7292(a), (d)(2); *Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004).

C

Mr. Rockwood's opening brief, in the "Statement of the Issues," also asks us to review "[w]hether [his] written request to the VA in 1975 is an 'informal claim' for VA benefits." Appellant's Br. 8. But as the Veterans Court recognized, this argument was forfeited because "[Mr. Rockwood] raised it for the first time on appeal" to the Veterans Court. J.A. 17. "The Veterans Court's determination that [the veteran's] argument is forfeited involves an application of a law or regulation to fact which is outside this court's jurisdiction." *Harbin v. McDonough*, No. 21-2026, 2022 WL 821444, at *2 (Fed. Cir. Mar. 18, 2022) (citing 38 U.S.C. § 7292(d)(2)). Accordingly, we dismiss this claim for lack of jurisdiction.

CONCLUSION

We have considered Appellant's remaining arguments and do not find them persuasive. For the reasons above, we affirm the Veterans Court's dismissal of Mr. Rockwood's CUE claim for lack of jurisdiction and dismiss the remainder of Mr. Rockwood's appeal for lack of jurisdiction.

**AFFIRMED-IN-PART, DISMISSED-IN-PART**

COSTS

No costs.